■ RICHARD L. BARZIN, Appellant, v KAY D. BARZIN, Respondent.—Kane, J. P.

The 1976 marriage of plaintiff and defendant produced one child, a daughter born in June 1979, before it culminated in a judgment of divorce entered in March 1987. Child support was provided for in accordance with terms set forth in a separation agreement, as well as a February 1987 open-court stipulation, and required plaintiff to pay $200 a week. Child support was to be adjusted annually "commencing on April 15, 1987, by the same percentage that the Husband's net income shall have increased during the preceding calendar year, or by the sum of six percent (6%) over the prior calendar year, whichever amount is greater". It was also provided that, "[f]or purposes of [child support], the term 'net income' shall mean monies received by the Husband, from whatever source derived, less applicable federal, state and local income taxes actually paid or actually due and owing".

In accordance with this agreement, and based on plaintiff's 1986 Federal income tax return which showed significant capital gains income that year from plaintiff's sale of stock in Wickhen Products, Inc., defendant moved in Supreme Court for an order directing plaintiff to pay $703 per week in child support for 1987. In response, plaintiff cross-moved for clarification of the amount of child support owing for 1987 and the method used to calculate child support thereafter, arguing that the proceeds from his stock sale were improperly included as income by defendant.

Thereafter, an open-court stipulation was placed on the record at a June 1988 hearing. The stipulation provided that plaintiff's Wickhen stock proceeds would not be treated as income in computing child support, that plaintiff would pay $15,000 in child support for 1987 in addition to the $10,400 required under the separation agreement, and that plaintiff would pay an estimated $14,000 in child support for 1988, in accordance with the separation agreement's escalation clause

and subject to review of plaintiff's 1987 Federal income tax return.

In August 1988, plaintiff commenced an action seeking to set aside the child support formula and thereafter moved to set aside the June 1988 stipulation on the grounds, *inter alia,* that it was entered into by mistake and its terms were unconscionable and against public policy. Plaintiff also moved for reinstatement of his previous cross motion for clarification of the amount and methodology used to calculate child support for 1987. Supreme Court denied the motion and this appeal followed.

We affirm. As a general rule, a stipulation entered into in open court, with the parties and counsel present, becomes binding and is "not lightly cast aside" *(Hallock v State of New York,* 64 NY2d 224, 230; *see,* CPLR 2104). A stipulation between parties in a matrimonial action may be set aside where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident *(see, Grunfeld v Grunfeld,* 123 AD2d 64, 67-68; *see also, Hallock v State of New York, supra; Christian v Christian,* 42 NY2d 63, 71-72). Our review, however, "is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences" *(Christian v Christian, supra,* at 71).

In our view, plaintiff has failed to aver any proof establishing that the stipulated agreement is sufficiently unfair and overreaching to be set aside *(see, Zioncheck v Zioncheck,* 99 AD2d 563). The record reveals that, at the time the stipulation was entered into, plaintiff was present, represented by counsel, and unequivocally agreed to the terms of the stipulation. Plaintiff's argument that he did not understand the stipulation agreement is unavailing, as it is clear from the record that plaintiff had more than sufficient opportunity to review the agreement with counsel. Equally unavailing is plaintiff's argument that the separation agreement's escalation clause, employed in the stipulation, is manifestly unfair as it allows for what plaintiff contends is "more than could ever be required to meet the needs" of the infant issue. Plaintiff offers no proof in support of this position and, inasmuch as he voluntarily agreed to the escalation clause *(see, Bradley v Earl,* 112 AD2d 262, 263-264), he may not avoid that obligation "merely because it subsequently appears to have been a bad bargain" (2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2104.05), or that upon review we might find the clause

"improvident or one-sided" *(Christian v Christian, supra,* at 72). In short, plaintiff has failed to show sufficient grounds upon which the stipulation should be set aside.

As a final note, we see no reason to restore plaintiff's motion seeking clarification of the methodology employed in the escalation clause. The stipulation which plaintiff agreed to sufficiently outlines its implementation such that no further review at this time is necessary.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.