■ CHRISTINE WICHERS, Respondent, v GARY WICHERS, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 8, 1990 in Warren County, which, *inter alia,* denied defendant's motion · to vacate the equitable distribution provisions of a prior order.

The parties to this action were married in October 1986. The marriage was a troubled one and plaintiff sought a divorce alleging physical, emotional and sexual abuse by

defendant. Prior to the granting of the divorce in March 1989, the parties entered into a stipulation concerning the equitable distribution of the marital property. Only plaintiff was represented by counsel at this time. The stipulation was incorporated but not merged into the divorce judgment.

Almost a year later (shortly before plaintiff's remarriage), defendant sent her a letter telling her that he now believed that he received the "short end of the stick" in the marriage settlement and demanded $55,000 or he would see her in court. Defendant then moved to vacate the equitable distribution provisions of the divorce decree and requested a hearing. Supreme Court denied defendant's motion and awarded plaintiff counsel fees. This appeal by defendant followed.

In our view, Supreme Court correctly denied defendant's motion to vacate the equitable distribution provision of the parties' judgment of divorce. Defendant's vague and conclusory allegations of fraud and overreaching, unsupported by any facts, were clearly insufficient to warrant a hearing as to whether the agreement should be set aside (see, Patti v Patti, 146 AD2d 757, 758; see also, Christian v Christian, 42 NY2d 63; Barzin v Barzin, 158 AD2d 769). Significantly, rather than supporting defendant's contention that he was somehow taken advantage of by plaintiff, the tone of the letter he wrote to her prior to the onset of this motion is that of someone who, upon reflection, now thinks he made a bad bargain that he wishes to be relieved of. Such a situation is insufficient to set aside an otherwise valid agreement (see, Barzin v Barzin, supra, at 770). As for the fact that defendant was unrepresented by counsel when the stipulation was executed, plaintiff's counsel urged defendant to seek his own counsel at that time. Defendant concedes that he did not think he needed counsel when the agreement was reached. In the absence of evidence of overreaching, we do not find this factor dispositive in this case.

As a final matter, we find no abuse by Supreme Court in its award of counsel fees in the amount of $300 for the defense of this motion.

Order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.