■ STANLEY RUXTON, Appellant, v JUNE RUXTON, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated September 19, 1989, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Fierro, J.), dated December 13, 1989, which denied his motion to set aside the support and maintenance provisions of a stipulation of settlement entered into in open court on May 11, 1989, which were incorporated by reference, but not merged, into the judgment of divorce.

Ordered that the order is affirmed, with costs.

"[S]tipulations of settlement meet with judicial favor, especially where * * * the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel" (Bossom v Bossom, 141 AD2d 794, 795). Thus, absent fraud, overreaching, mistake, or duress the stipulation will not be disturbed by the court (see, Hallock v State of New York, 64 NY2d 224, 230; Zwirn v Zwirn, 153 AD2d 854; Bossom v Bossom, supra). Additionally, where the agreement is fair on its face, such that there is no inference of overreaching, vacatur is not warranted even if one party failed to disclose financial information, unless the undisclosed information was of such consequence that had it been disclosed, the other party would not have executed the agreement (see, Stockfield v Stockfield, 131 AD2d 834).

In the present case, the record supports the trial court's finding that the plaintiff husband was represented by counsel when he voluntarily and knowingly entered into the stipulation of settlement, notwithstanding his suspicions that his wife was then employed, and that the maintenance provisions of the stipulation were fair and reasonable. His motion to vacate the stipulation was therefore properly denied. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.