■ ELIZABETH A. HUNT, Respondent, v RICHARD D. HUNT, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Taber v Livingston,* 78 AD2d 995; *see also,* CPLR 5511). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Divorce.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.

■ ELIZABETH A. HUNT, Respondent, v RICHARD D. HUNT, Appellant. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: There is no ground for setting aside the judgment of divorce and the oral stipulation of settlement on which it was based. "[S]tipulations of settlement meet with judicial favor, especially where, as here, the terms are read

into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel" *(Bossom v Bossom,* 141 AD2d 794, 795; *see, Gotard v Gotard,* 165 AD2d 824, 825; *Barzin v Barzin,* 158 AD2d 769, 770, *lv dismissed* 77 NY2d 834; *see also, Christian v Christian,* 42 NY2d 63, 71-73). "A stipulation between parties in a matrimonial action may be set aside where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident" *(Barzin v Barzin, supra,* at 770; *see, Grunfeld v Grunfeld,* 123 AD2d 64, 67-68; *see also, Christian v Christian, supra,* at 72-74).

Here, the stipulation provided, among other things, that the parties would have joint custody; plaintiff would have primary physical custody; defendant would have generous visitation; defendant would pay child support; and, plaintiff would have exclusive possession of the marital residence (the only significant marital asset) until the children were emancipated, at which time it would be sold and the proceeds equitably distributed. Defendant may not have negotiated the best terms for himself, but it cannot be said that " ' "no [person] in his [or her] senses and not under delusion would make the [agreement] on the one hand, and * * * no honest and fair [person] would accept [it] on the other" ' *(Hume v United States,* 132 US 406, 411)" *(Christian v Christian, supra,* at 71; *Weinstock v Weinstock,* 167 AD2d 394, 395, *lv dismissed* 77 NY2d 874; *see, Barzin v Barzin, supra,* at 770). Defendant's allegations of unconscionability and unfairness are not substantiated by proof sufficient to justify setting aside the parties' agreement.

We have examined defendant's other contentions and find them to be without merit. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Set Aside Divorce Decree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.