■ CHRISTINE SMITH, Appellant-Respondent, v ERIC J. SMITH, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed with costs to defendant and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this divorce action, the court should have denied plaintiff's challenge to the validity of the settlement agreement in its entirety. Neither on the face of the agreement nor in the circumstances surrounding its negotiation is there any indication of fraud, duress, overreaching, manifest unfairness or unconscionability (*see, Christian v Christian,* 42 NY2d 63, 71-73; *Hunt v Hunt,* 184 AD2d 1010; *see also,* Domestic Relations Law § 236 [B] [3]). Throughout the negotiations, plaintiff was represented by counsel whom the court expressly found to be "experienced, competent and thorough". Extensive pretrial discovery was conducted, and there is no claim that assets were hidden by defendant or that there was anything other than full disclosure. Substantively, the property division was fair and equitable. It is apparent that the intent of the agreement was to divide the marital estate evenly and, pursuant to that intent, defendant agreed to pay plaintiff a distributive award of $85,200. The initial property settlement was supplemented by an amendment to the agreement by which plaintiff relinquished her claim to the car dealership, which is defendant's separate property, in exchange for a lump sum of $9,000. There is no basis for finding that aspect of the property settlement unconscionable. The child support provisions of the

agreement do not specify a dollar amount, but obligate defendant to pay child support in accordance with the Child Support Standards Act formula. Defendant has been paying $225 per week to support the parties' three children, which amount is 29% of defendant's salary of approximately $40,000. Additionally, in accordance with the agreement, defendant must maintain life insurance benefiting the children in the amount of $125,000, must maintain medical insurance for them, must share in responsibility for their uninsured medical expenses, and must share in the expense of putting them through college. The child support provisions of the agreement therefore are not unconscionable.

The remaining area of controversy is the "no maintenance" provision, which the court set aside as unconscionable. General Obligations Law § 5-311 provides that parties to a marriage may contract to relieve one of liability to support the other, provided that the agreement does not render the other incapable of self-support and likely to become a public charge. Beyond that, a provision waiving maintenance is subject only to the requirements that its terms be fair and reasonable when the agreement was made and not unconscionable at the time of final judgment (Domestic Relations Law § 236 [B] [3]). Here, plaintiff expressly agreed, "in consideration of the other provisions" of the agreement and "in view of the current and prospective financial circumstances of the parties", that she was capable of self-support and thus not in need of permanent maintenance. The fairness of that provision must be evaluated in light of the other financial provisions. We conclude that it was not unfair or unconscionable for defendant to require plaintiff to waive maintenance in exchange for his agreement to pay plaintiff a lump sum of approximately $94,000 and to pay weekly child support of $225. We find no support for the court's finding that the provision is unconscionable because it results in a "gross disproportion" in income between the parties. Therefore, the order appealed from must be modified to deny plaintiff's request to set aside the settlement agreement.

Addressing the parties' remaining contentions, we conclude that the court properly denied plaintiff's motion to disqualify defendant's counsel. Plaintiff was aware of the conflict of interest, and she expressly waived her disqualification claim in exchange for defendant's withdrawing his opposition to her action for divorce (see, Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]; cf., Sheps v Hall & Co., 112 AD2d 281, 282). The court properly denied defen-

dant's request for a default judgment of divorce on the ground that the application had not been placed on the noncontested matrimonial calendar. With respect to the issue of attorney's fees, the agreement expressly provides that, if either party unsuccessfully moves to set aside the agreement, he or she becomes liable to pay the other party's reasonable attorney's fees and expenses. That provision requires denial of plaintiff's request for attorney's fees and reinstatement of defendant's request. The order appealed from must be modified accordingly, and the matter remitted for the court's determination of the amount of defendant's reasonable attorney's fees and expenses. (Appeals from Order of Supreme Court, Genesee County, Graney, J.—Divorce.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.