■ CLIFTON COUNTRY ROAD ASSOCIATES, Appellant, v STEPHEN VINCIGUERRA, Respondent. [600 NYS2d 982] —Mikoll, J. P. Appeal from an order of the Supreme Court (Brown, J.), entered October 4, 1991 in Saratoga County, which partially granted plaintiff's motion for summary judgment to the extent of dismissing one of defendant's affirmative defenses.

On May 6, 1985, the parties to this action entered into an option agreement whereby plaintiff, a partnership engaged in real estate development in Saratoga County, paid $5,000 for the right to purchase between 10 and 45 acres of land owned by defendant, an attorney similarly engaged in the real estate business. The terms of the agreement were later extended two times and one of these agreements provided for a two-acre parcel of the land to be reserved by defendant for his use. Ultimately, plaintiff timely exercised its option on approximately 29 acres of the land (referred to as Parcels 1, 2 and 3). The parties duly signed an agreement with an accompanying survey which specified the precise acreage (28.455 acres) to be purchased, the location of the land and the purchase price of the parcels. Notably, a map attached to the agreement that appears to be initialed by the parties specifically indicated that defendant's reserved parcel was to be 1.5 acres, not two acres as indicated in the earlier extension agreement. On December 15, 1987, the parties closed on Parcel 1, but deferred the closing of Parcel 2 (which contained defendant's reserved parcel) and Parcel 3.

Subsequently, on January 5, 1989, plaintiff informed defendant that it was ready, willing and able to close on Parcels 2 and 3 in accordance with the parties' agreements. However, defendant notified plaintiff that he was terminating the contract due to plaintiff's allegedly unreasonable delay in closing on the remainder of the land. Following further communications between the parties, plaintiff attempted to tender performance to defendant but this was rejected. Plaintiff thereafter

commenced this action seeking, *inter alia,* specific performance of the agreement to convey Parcel 2. Defendant answered, raising several affirmative defenses. Plaintiff then moved for dismissal of the affirmative defenses and for summary judgment granting specific performance. Supreme Court denied this motion except to the extent of dismissing defendant's third affirmative defense of laches. This appeal by plaintiff followed.

Initially, we must address plaintiff's contention that Supreme Court erred in not dismissing defendant's remaining affirmative defenses. In our view, plaintiff's argument has merit. For instance, an examination of defendant's fifth affirmative defense reveals that it concerns arguments relating to the proposed sale of Parcel 3. Because the subject action solely concerns the disposition of Parcel 2, the fifth affirmative defense should have been dismissed. Also, defendant's first affirmative defense of failure to state a cause of action should have been dismissed because the complaint sufficiently alleges a cause of action for specific performance as to Parcel 2.

Turning to defendant's second affirmative defense of "unclean hands", we find that this too should have been dismissed. The essence of this defense is defendant's allegation that because plaintiff's managing partner, Robert Miller, was also formerly defendant's tax accountant and personal attorney for some disputed period, an issue of fact concerning unclean hands was raised. While it is true that courts will apply more rigorous scrutiny to a transaction when an attorney participates as a party, an attorney may nevertheless contract with his or her client over nonlegal matters as long as the attorney does not betray the fiduciary relationship and take advantage of his or her superior knowledge and position *(see, Greene v Greene,* 56 NY2d 86, 92). Significantly, "the doctrine of unclean hands is only applicable when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" *(Mehlman v Avrech,* 146 AD2d 753, 754).

Here, we note from the record that defendant, who is also an attorney, was exceedingly unclear as to the extent of his attorney-client relationship with Miller and whether it existed during the negotiations at issue. In any event, regardless of the time period that the attorney-client relationship existed, the fact remains that the record is devoid of proof establishing wrongdoing by Miller with respect to the negotiation of the option agreement and the extensions. Although defendant avers that Miller prepared the agreement and the accompany-

ing maps and provided his own employee to act as a notary public for the agreements, these are not factual allegations of immoral or unconscionable acts and they do not link Miller to any specific deception or misconduct related to the subject litigation (see, Goldberg v Goldberg, 173 AD2d 679, 680; City of New York v Corwen, 164 AD2d 212, 218). Moreover, defendant offers no proof that any confidential information or material derived from a former or ongoing attorney-client relationship was utilized by Miller. Accordingly, because conclusory allegations are insufficient to support a defense of unclean hands (see, Bluberry Investors Co. v Ilana Realty, 184 AD2d 906, 907), Supreme Court erred in not dismissing the second affirmative defense.

Defendant's fourth affirmative defense essentially concerns his claim that the original two-acre reservation of property to defendant described in one of the extension agreements was ultimately reduced to 1.5 acres as a result of a mutual mistake between the parties and/or a unilateral mistake on defendant's part that was allegedly induced by plaintiff's trick, artifice, deceit or fraud. In support of its motion for dismissal of this defense, plaintiff presented the original option contract and the extension agreements which clearly state the price and the amount of acreage within defendant's overall holdings. Additionally, it is shown that the parties acknowledged by their initials on various maps the specific land in Parcel 2 subject to sale and they also acknowledged by initialing the survey attached to the April 6, 1987 agreement the change from two acres to 1.5 acres. Also, while the handwriting is somewhat illegible, it also appears that defendant initialed the change on a map accompanying the December 15, 1987 agreement and defendant does not deny that he so initialed the change. In contrast to the proof offered by plaintiff, defendant has offered no proof of mutual mistake and, even accepting that defendant made a unilateral mistake, he failed to establish by any competent proof that some fraud or inequitable conduct amounting to fraud by Miller induced the alleged mistake concerning the reserved parcel (see, Riley v Life Ins. Co., 159 AD2d 869, 872, affd 78 NY2d 947).

Finally, we agree with plaintiff that Supreme Court erred in failing to grant plaintiff summary judgment awarding specific performance. Contrary to defendant's arguments our review of plaintiff's proof reveals that the parties' contract contained definite and certain terms and that plaintiff fulfilled the requirements for a party seeking specific performance (see, Hadcock Motors v Metzger, 92 AD2d 1, 4-5). While defendant

attempts to rebut this proof by asserting that the lack of a specific location for an access road on the parcel indicates that the agreement is indefinite, our review of the evidence reveals that location of the road was not a condition or prerequisite to the sale of the parcels and this issue was clearly not a material element of the parties' agreement. Defendant's argument with respect to the precise boundaries of the 1.5-acre reserved parcel is similarly unavailing as the parties agreed on the location which is clearly set forth in an attached survey map. Consequently, because defendant failed to set forth sufficient proof establishing triable issues as to the parties' agreement, summary judgment should be granted to plaintiff (see, CPLR 3212 [b]).

Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion to dismiss the first, second, fourth and fifth affirmative defenses and its motion for summary judgment seeking specific performance; motion granted to that extent, said affirmative defenses dismissed, summary judgment awarded to plaintiff and it is ordered that defendant execute and deliver a good and sufficient deed conveying Parcel 2 to plaintiff upon tender of the agreed purchase price for Parcel 2; and, as so modified, affirmed.