■ In the Matter of GIOVANNA INFOSINO, Appellant, v ALFRED INFOSINO, Respondent. [611 NYS2d 598] —In a proceeding pursuant to Family Court Act article 4, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Schindler, J.), entered June 4, 1991, as permitted the respondent to cease paying for the petitioner's health insurance coverage upon the petitioner's sixty-fifth birthday.

Ordered that the order is affirmed insofar as appealed from, with costs.

A stipulation entered into in open court, with the parties and counsel present, is a binding contract (see, Ruxton v Ruxton, 181 AD2d 876). Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation (see, Hallock v State of New York, 64 NY2d 224, 230; Wilutis v Wilutis, 184 AD2d 639). Moreover, courts will not set aside an agreement on the ground of unconscionability simply because it was improvident (see, Christian v Christian, 42 NY2d 63, 72; Golfinopoulos v Golfinopoulos, 144 AD2d 537, 538).

Here, the petitioner agreed before a Hearing Examiner on December 3, 1990, that the respondent would cease to provide medical insurance coverage for the petitioner after their

youngest child's twenty-first birthday. The Family Court, in the order appealed from, directed the respondent to continue that coverage for an additional 10-month period between the youngest child's twenty-first birthday and the petitioner's sixty-fifth birthday, when she became eligible for Medicare benefits. However, the petitioner on appeal seeks an additional extension of medical coverage. We find that the parties willingly, voluntarily, and knowingly entered into this stipulation in open court and in the presence of their attorneys. In addition, the agreement was not unconscionable. Accordingly, the order appealed from is affirmed. Sullivan, J. P., Joy, Santucci and Hart, JJ., concur.