■ KAREN HARRAGAN, Respondent, v LEONARD HARRAGAN, Appellant. [612 NYS2d 440] —In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Prudenti, J.), dated July 24, 1992, which (1) denied the branch of his motion which was to vacate the parties' 1990 stipulation and (2) ordered a Sheriff's sale of the marital

premises if it were not sold or if a contract for its sale were not executed by January 31, 1993.

Ordered that the order is affirmed, with costs.

Stipulations of settlement entered into in open court, with the parties and counsel present, become binding and are not "lightly cast aside" *(Hallock v State of New York,* 64 NY2d 224, 230; *see,* CPLR 2104). "A stipulation between parties in a matrimonial action may be set aside where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident" *(Barzin v Barzin,* 158 AD2d 769, 770).

We find that the defendant's contention that the parties' 1990 stipulation should be set aside due to mistake is without merit. This contention is not supported by sufficient proof in the record to justify setting aside the stipulation, and the stipulation was entered into in open court with the parties and their attorneys present.

The parties' 1990 stipulation provided, *inter alia,* that the plaintiff would have judgment against the defendant in the sum of $30,000 and that the plaintiff would have the "ability to have execution on that Judgment forthwith." Accordingly, we find that the Supreme Court properly ordered a Sheriff's sale of the marital premises if it were not sold or if a contract for its sale were not executed by January 31, 1993.

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.