■ In the Matter of the Estate of MARY SLAUGHTER, Deceased. VIRGINIA BEASLEY et al., Appellants; FIRST PRESBYTERIAN CHURCH OF BROOKLYN, INC., Respondent. [614 NYS2d 767] — In a contested probate proceeding, the executors of the estate of Mary Slaughter appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated September 8, 1992, as validated a stipulation of settlement dated September 27, 1991.

Ordered that the decree is affirmed insofar as appealed from, with costs to the respondent payable by the estate.

On August 11, 1989, the decedent Mary Slaughter executed a codicil to her will dated August 1, 1989, which bequeathed $25,000 to the First Presbyterian Church of Brooklyn, Inc. Upon Slaughter's demise, the petitioners, as executors of Slaughter's estate, sought to admit the will to probate and to deny probate to the codicil. On September 27, 1991, negotiations were initiated which culminated in a stipulation of settlement under which the church agreed to accept the reduced sum of $20,000 in exchange for the executors' withdrawal of their objections to the codicil. Thereafter, it was discovered that the codicil failed to meet the requirements of due execution. Accordingly, the codicil was denied probate.

Open-court stipulations of settlement are favored by the courts and will not be "lightly cast aside" (see, Hallock v State of New York, 64 NY2d 224, 230; see also, Harragan v Harragan, 204 AD2d 686; CPLR 2104). Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of such a stipulation (see, Hallock v State of New York, supra, at 230).

The executors' contention that the parties' 1992 stipulation should be set aside due to their mistaken reliance on the validity of the codicil is without merit. This contention is not supported by sufficient proof in the record. Accordingly, the executors failed to sustain their burden of proof (see, Matter of Rosenhain, 193 AD2d 903; Barzin v Barzin, 158 AD2d 769). Mangano, P. J., Bracken, Joy and Hart, JJ., concur.