■ JAMES R. CREQUE, III, Appellant, v NASMOON S. CREQUE, Respondent. [620 NYS2d 270] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated February 18, 1993, which, *inter alia,* distributed the marital property and granted the defendant maintenance and child support.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties entered into stipulations in open court with counsel present which resolved the child custody and economic issues in this matrimonial action. The stipulations were incorporated but not merged in the judgment of divorce. The husband contends on appeal that the stipulations should be modified or set aside for various reasons.

Absent a showing that a stipulation was the product of

fraud, overreaching, mistake or duress, it will not be disturbed *(see, Hallock v State of New York,* 64 NY2d 224, 230; *Ruxton v Ruxton,* 181 AD2d 876). " 'A stipulation [of settlement] between parties in a matrimonial action may be set aside where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident' " *(Harragan v Harragan,* 204 AD2d 686, 687, quoting *Barzin v Barzin,* 158 AD2d 769, 770).

Many of the plaintiff's contentions, including his claim that the stipulations were the result of coercion, are based on matters dehors the record. Insofar as his contentions can be reviewed on this record, we find them to be without merit. The stipulation with respect to the division of the marital property is fair on its face, and the plaintiff has failed to point to any evidence in this record that financial information of consequence was not disclosed *(see, Ruxton v Ruxton,* 181 AD2d 876, *supra).* Although the plaintiff contends that his child support payments were not in accordance with the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b]), the parties' stipulation included a specific acknowledgement that the statutory guidelines were followed in determining the amount of child support. Finally, we find no basis on this record to set aside those provisions of the stipulation in which the plaintiff agreed to pay 60% of the children's educational expenses *(see,* Domestic Relations Law § 240 [1-b] [c] [7]) and to pay maintenance to the defendant for a three-year period *(see,* Domestic Relations Law § 236 [B] [6]). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.