■ MARY A. VERMILYEA, Respondent, v C. JAMES VERMI-LYEA, Appellant. [636 NYS2d 953] —Mikoll, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered October 17, 1994 in Ulster County, which, *inter alia*, granted plaintiff's motion to vacate a stipulation of settlement.

The parties were married in 1966 and plaintiff commenced an action for divorce on August 7, 1989. On March 10, 1993, after long negotiations, the parties entered into an oral stipulation of settlement in open court whereby the parties agreed to uncontested mutual divorces and the terms of equitable distribution, maintenance, child support, custody and visitation. The agreement provided, among other things, that plaintiff would receive one half of the $42,510 "present value" of defendant's IBM pension to be paid from defendant's portion of the proceeds derived from the sale of the marital residence. The oral stipulation was placed on the record by plaintiff's attorney and then expressly incorporated by reference into a written agreement that was signed and acknowledged by the parties.

On September 1, 1993 plaintiff moved to vacate so much of the oral stipulation as directed the equitable distribution of defendant's IBM pension because of "mutual mistake" and for a stay restraining defendant from seeking distribution of the pension benefits. Plaintiff claimed that the parties mistakenly used the $42,510 present value figure rather than the $126,525 figure set forth in the pension valuation report. Plaintiff moved for a civil contempt order against defendant. In response, defendant moved, *inter alia*, for a civil contempt order against plaintiff. Supreme Court granted plaintiff's motion and vacated the entire stipulation. Supreme Court also restored the action to the court's calendar and issued a temporary restraining order preventing defendant from seeking further distribution of the pension benefits. The court also denied defendant's motion for reargument. Defendant appeals.

Defendant argues that Supreme Court improperly vacated the parties' open-court oral stipulation because of the parties' alleged "mutual mistake" in using the $42,510 figure as the present value of defendant's pension benefits rather than the $126,525 figure, both figures being set forth in a report furnished by defendant's expert. We agree. Supreme Court abused its discretion in setting aside the oral stipulation. The record reveals that plaintiff failed to establish a substantial claim of mutual mistake in using the $42,510 figure as the present value of defendant's pension. The oral stipulation of settlement in question was not only read into the record by plaintiff's counsel but was also contained in an "opt out agreement" executed by the parties thereafter. This procedure adequately complied with the requirements of Domestic Relations Law § 236 (B) (3), rendering the oral stipulation binding and enforceable as a contract (*cf., Lischynsky v Lischynsky*, 95 AD2d 111). In order to establish the existence of a mutual

mistake, plaintiff, as moving party, must overcome a heavy presumption and prove her position by clear and convincing evidence (*see, Clifton Country Rd. Assocs. v Vinciguerra*, 195 AD2d 895, 897, *lv denied* 82 NY2d 664).

Plaintiff's only evidence of "mutual mistake" is her own counsel's uncorroborated conclusory affirmation that "subsequent to the stipulation, it was determined, in a confirmation conversation with [the pension evaluator's] office that our reliance on the $42,510.00 'present value' figure was mistaken". There is no confirmatory affirmation of the truth of the statement from the pension evaluator's office or otherwise (*see, Lambert v Lambert*, 142 AD2d 557, 558). Consequently, plaintiff has established nothing more than a unilateral mistake. In the absence of proof that fraud, duress or other inequitable conduct induced the mistake alleged (*see, Village of Waterford v Camproni*, 200 AD2d 930, 931-932; *Clifton Country Rd. Assocs. v Vinciguerra, supra*, at 897), Supreme Court abused its discretion in vacating the stipulation for mutual or unilateral mistake.

Plaintiff's alternative claim that Supreme Court's order should be affirmed if defendant knew of this "egregious mistake" because he had a fiduciary duty to disclose this information to plaintiff is without merit. Plaintiff's vague and conclusory allegations of fraud and overreaching (*see, Christian v Christian*, 42 NY2d 63, 71-72; *Cantamessa v Cantamessa*, 170 AD2d 792, 794), unsupported by any facts, are insufficient to set aside the agreement under review (*see, Amestoy v Amestoy*, 151 AD2d 709, 710; *Patti v Patti*, 146 AD2d 757, 758).

Plaintiff's claim of unfairness is not supported by the record. Both parties relied on the same information in reaching this agreement. The pension evaluation report was available to both parties for more than two months prior to the stipulation. Further, both parties were represented by counsel and both parties unequivocally agreed to the terms in the agreement in open court (*see, Barzin v Barzin*, 158 AD2d 769, 770, *lv dismissed* 77 NY2d 834). The acceptance of the pension figure may have been improvident, but the fact that it may have been a bad bargain is not sufficient to overturn or set aside an otherwise valid agreement (*see, Wichers v Wichers*, 170 AD2d 797, 798; *see also, Richardson v Richardson*, 142 AD2d 563, 564, *lv dismissed* 73 NY2d 872). Plaintiff has not shown adequate grounds for setting aside the oral stipulation.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, with costs to defendant, by reversing so much thereof as granted plaintiff's motion to

vacate the stipulation of settlement; said motion denied; and, as so modified, affirmed.