■ CLIFTON COUNTRY ROAD ASSOCIATES, Appellant, v STEPHEN VINCIGUERRA, Respondent. [639 NYS2d 175] —Crew III, J.

When this matter was last before us (195 AD2d 895), this Court, *inter alia*, granted plaintiff's motion for summary judgment seeking specific performance and directed defendant to "execute and deliver a good and sufficient deed conveying [a certain parcel of land] to plaintiff upon tender of the agreed purchase price" (*supra*, at 898). Defendant thereafter presented plaintiff with a deed, wherein defendant reserved unto himself, his successors and assigns all rights, title and interest in and to a water main located on the property in question. Plaintiff then moved by order to show cause to have defendant held in

contempt of this Court's prior order and, further, requested that costs and sanctions be imposed. Supreme Court, treating the matter as a special proceeding pursuant to CPLR 5221 (*see,* CPLR 103 [c]), declined to grant plaintiff's application to hold defendant in contempt, instead directing the Saratoga County Sheriff to convey the property in question and, additionally, declined to award costs and sanctions. Plaintiff now appeals from so much of Supreme Court's order as failed to hold defendant in contempt and award sanctions and costs under 22 NYCRR 130-1.1.

CPLR 5104 plainly provides that "[a]ny interlocutory or final judgment or order, or any part thereof, *not enforceable under either [CPLR article 52 or CPLR 5102]*" may be enforced via a contempt proceeding (emphasis supplied). Insofar as is relevant to this appeal, the categories excluded under this provision include judgments awarding possession of real property or a chattel, for which CPLR 5102 provides execution as the appropriate enforcement device. Assuming, without deciding, that the remedy of contempt is nevertheless available where relief pursuant to CPLR 5102 may be had (*see,* Siegel, NY Prac § 480, at 729 [2d ed]), we cannot say, based upon our review of the record as a whole, that Supreme Court abused its discretion in denying such relief here.

We do, however, believe that defendant's conduct in this matter warrants the imposition of costs pursuant to 22 NYCRR 130-1.1 (a). In this regard costs, including reasonable counsel fees, may be imposed where, as here, a party engages in conduct that "is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Defendant, a seasoned local attorney, delayed for months in tendering a deed to plaintiff, ultimately presenting a deed that was not in compliance with this Court's prior order. Under these circumstances, we believe that an award of costs is appropriate. As the record before us, however, does not contain any proof of the reasonable costs and counsel fees incurred by plaintiff, we deem it appropriate to remit this matter to Supreme Court for further proceedings in this regard.

Mercure, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the facts, with costs to plaintiff, by reversing so much thereof as failed to grant plaintiff's application for costs pursuant to 22 NYCRR 130-1.1; motion granted to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.