■ Alima Jafri, Respondent, v Sultan Jafri, Appellant.
[644 NYS2d 984]

Stipulations of settlement entered into in open court, with the parties and counsel present, become binding and are not "lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230; *see, Matter of Galasso*, 35 NY2d 319, 321; *see also,* CPLR 2104). " ' "A stipulation between parties in a matrimonial action may be set aside where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident" ' " (*Creque v Creque*, 210 AD2d 288, 289, quoting *Barzin v Barzin*, 158 AD2d 769, 770).

The husband's contention that the parties' stipulation dated December 14, 1993, should be set aside due to fraud is without merit. This contention is not supported by proof in the record to justify setting aside the stipulation, since the stipulation was entered into in open court with the parties and their attorneys present, after several days of negotiations between the parties, their counsel, and the Law Guardians for the two children of the marriage.

Moreover, the parties stipulated that the wife would be granted a divorce, she would receive custody of the children, without the aid of child support since she had sufficient financial means to support them, and the husband would have liberal visitation with the parties' son. Furthermore, the parties agreed that the wife would not hinder the husband's efforts to reestablish his relationship with his daughter. Thus, there was no evidence that the terms of the stipulation were unfair to the husband or unconscionable (*Creque v Creque*, 210 AD2d 288, *supra*).

The husband's remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.