■ CLIFTON COUNTRY ROAD ASSOCIATES, Appellant-Respondent, v STEPHEN VINCIGUERRA, Respondent-Appellant. [675 NYS2d 680] —Mikoll, J. P. Cross appeals from an order of the Supreme Court (Teresi, J.), entered July 29, 1997 in Albany County, which denied plaintiff's and defendant's motions for summary judgment.

This action presents yet another dispute* between the parties arising out of their 1985 option contract giving plaintiff the right to purchase between 10 and 45 acres of defendant's land in the Town of Clifton Park, Saratoga County, at a price of $40,000 per acre. The agreement was twice extended, through March 6, 1987. Plaintiff's interest in purchasing the land was dependent upon the Town's rezoning the property from residential to commercial and approving its plans for commercial development. In February 1987, the Town agreed to rezone the property and permit plaintiff's development of the property upon the condition that plaintiff would convey four acres thereof to the Town, if needed, for community service purposes. On March 5, 1987, plaintiff notified defendant of its intention to purchase approximately 28.455 acres, subsequently identified as parcels 1, 2 and 3; parcel 3 represented the four-acre parcel to be transferred to the Town. A tentative closing date was scheduled for December 1987. On December 15, 1987 the parties closed on parcel 1, and by written agreement deferred closing on parcels 2 and 3 until at least June 30, 1988. They also agreed to reduce the price for parcel 3 to $20,000 per acre, with the proviso that if the Town did not require the parcel, defendant would retain it.

In November 1988, the Town made formal demand for parcel 3. On January 5, 1989, plaintiff informed defendant that it was ready, willing and able to close on both parcels 2 and 3. Defendant refused to agree on a closing date and plaintiff subsequently commenced an action to compel his specific performance as to parcel 2. Although denied this relief by Supreme Court, on appeal we directed specific performance in favor of plaintiff (*Clifton Country Rd. Assocs. v Vinciguerra*, 195 AD2d 895, *supra*).

In early 1991, plaintiff and the Town agreed that, in view of plaintiff's inability to convey parcel 3, the Town would accept $250,000 "in lieu of the four (4) acres of land", and the Town

* *See, Clifton Country Rd. Assocs. v Vinciguerra*, 195 AD2d 895, *lv denied* 82 NY2d 664; *Clifton Country Rd. Assocs. v Vinciguerra*, 225 AD2d 932.

enacted Local Law No. 7 to reflect this agreement. In April 1992, plaintiff commenced this action seeking, *inter alia*, damages from defendant in consequence of his breach of the contract to convey parcel 3 in the amount of $170,000 (i.e., its $250,000 payment to the Town less the $80,000 agreed-upon sale price). Defendant answered, asserting no affirmative defenses or counterclaims. Subsequently, however, plaintiff sought and received leave to amend its complaint to include a cause of action for specific performance as to parcel 3. Defendant answered the amended complaint asserting numerous affirmative defenses and a counterclaim for improvements to parcel 3. Following discovery, both parties moved for summary judgment. Supreme Court denied both motions, finding issues of fact as to both causes of action, and these cross appeals ensued.

We agree with defendant that he was entitled to summary judgment on plaintiff's cause of action for specific performance. Based upon its assertions in prior proceedings, plaintiff is judicially estopped from now claiming that it did not assign its rights in parcel 3 to the Town. Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from " 'inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding or in a prior proceeding' " (*Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1075, quoting *Shepardson v Town of Schodack*, 195 AD2d 630, 632, *affd* 83 NY2d 894). Once clearly asserted by the party against whom the doctrine is invoked, the party is bound by such prior stance (*see, Cafferty v Thompson*, 223 AD2d 99, *lv denied* 88 NY2d 815; *Moore v County of Clinton*, 219 AD2d 131, *lv denied* 89 NY2d 851; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591).

In the prior action seeking specific performance as to parcel 2, upon the same contract and subsequent agreements involved here, plaintiff unequivocally represented to this Court, in an affidavit seeking permission for late filing of its appeal, that "the Court will be asked to take judicial notice of the fact that there has been a change of circumstance * * * This change of circumstance is evidenced by a pending action between the parties [the instant action] of which the Court may properly take judicial notice. * * * [P]laintiff has given up its claim to the conveyance of [parcel 3] * * * Therefore * * * the specific performance of the contract which plaintiff seeks in this appeal would not render the defendant's served lands landlocked." Contrary to plaintiff's claim that these statements were made

solely in the context of an application for late filing in its brief upon that appeal, plaintiff stated in its brief that such an assignment had in fact taken place and invited the court's attention "to the fact that the plaintiff herein is not seeking specific performance of the conveyance of Parcel 3. Rather, plaintiff seeks money damages as to breach of contract with respect to Parcel 3 * * * Since the plaintiff has sought money damages and not specific performance thereon, defendant continues to own Parcel 3." Under these circumstances, plaintiff may not now be heard to contend otherwise.

Neither do we find the existence of any triable question of fact concerning plaintiff's entitlement to summary judgment on its cause of action for breach of contract. As a direct result of defendant's refusal to convey parcel 3 to plaintiff, so as to enable plaintiff to comply with its agreement with the Town, plaintiff was damaged in the amount of $170,000 ($250,000 less $80,000).

In view of our decision, we do not reach the parties' remaining contentions.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion with regard to the cause of action for specific performance and denied plaintiff's motion with regard to the cause of action for breach of contract; defendant is awarded summary judgment dismissing the cause of action for specific performance, plaintiff is awarded summary judgment on its cause of action for breach of contract, and defendant's counterclaim is dismissed; and, as so modified, affirmed.