■ In the Matter of KATHLEEN DILLON, Respondent, v JAMES DILLON, Appellant. [685 NYS2d 85] —In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Nassau County (Brennan, J.), dated September 23, 1997, denying the objections of the father, James Dillon, to an order of the same court (Watson, H.E.), dated March 17, 1997, which, after a hearing, found that he willfully violated an order of child support, directed him to pay $5,498.48 in arrears to the Child Support Collection Unit, dismissed his petition for a downward modification, and awarded the petitioner $3,377.50 in counsel fees.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that in the absence of fraud, overreaching, mistake, or duress, a stipulation will not be disturbed (*see, Creque v Creque,* 210 AD2d 288). A stipulation of settlement in a divorce proceeding may be vacated if it is "manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable" or there exists fraud, collusion, mistake, or accident (*Harragan v Harragan,* 204 AD2d 686, 687).

In the instant case, the appellant James Dillon failed to establish any basis for setting aside the stipulation of settlement which was incorporated into the judgment of divorce (*see, Jafri v Jafri,* 228 AD2d 651; *Creque v Creque, supra; Smith v Smith,* 188 AD2d 1004). Moreover, the record does not support his contention that the stipulation should have been set aside because it did not comply with the requirements of the Child Support Standards Act (*see,* Family Ct Act § 413; *Jenkins v Steadman,* 180 AD2d 491). Sullivan, J. P., Joy, Altman and Luciano, JJ., concur.