■ RITA WALTON, Respondent, v MARK CRANE, Appellant. [744 NYS2d 36] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about December 3, 2001, which, in an action for divorce, upon defendant husband's motions to, inter alia, vacate an open court stipulation resolving custody, visitation and child support and to compel plaintiff wife to communicate with him, and plaintiff's cross motion for, inter alia, sole custody of the parties' children, inter alia, "reopened" the issues of custody and visitation, refused to reopen the issue of child support unless and until there is a change in the children's physical custody, refused to reopen the issue of fault, and, pending forensic examinations of the parties and children and further order of the court, temporarily awarded plaintiff "primary physical custody" with visitation by defendant in accordance with the stipulation, unanimously affirmed, without costs.

The motion court properly decided to reconsider the issues of custody and visitation upon a record showing that the parties are unable to work together in a cooperative fashion, and that the joint custody arrangement, agreed to in an open court stipulation less than two months before the first of the instant motions was made, was simply not viable and not in the children's best interests (*see, Matter of Harper v Jones*, 292 AD2d 649). In the meantime, pending necessary forensic examinations and court hearings, it was a proper exercise of discretion to maintain the status quo as reflected in the stipulation. The stipulation is not subject to challenge simply because defendant proceeded with it pro se (*see, Kalra v Kalra*, 170 AD2d 579, *lv dismissed* 78 NY2d 1070), where it is not manifestly unfair (*see, Jafri v Jafri*, 228 AD2d 651, *lv dismissed* 89 NY2d 982), and is sufficiently definite and complete to serve as a temporary custody and visitation order and a permanent child support order. The record shows that the court questioned defendant closely as to his understanding of the stipulation's terms, and each time he requested a clarification or change in the terms, he was heard and changes were made to his express satisfaction. While the court was ready to proceed if the matter was not resolved, defendant's allegations of "badgering" have no basis in the record. The record shows that before the stipulation was read, plaintiff's attorney advised defendant that the

amount of child support was in accordance with the Child Support Standards Act guidelines, and defendant does not presently show otherwise (*see, Nordgren v Nordgren*, 264 AD2d 828). The record also shows that defendant consented to "taking" the divorce after the court explained what that meant, and there is otherwise no basis to reconsider the issue of fault. We have considered and rejected defendant's other arguments. Concur—Williams, P.J., Nardelli, Saxe, Sullivan and Friedman, JJ.