█ MICHELLE SCARTOZZI, Appellant, v GINO SCARTOZZI, Respondent. ALEXANDER POTRUCH, Intervenor-Respondent. [822 NYS2d 89]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Marano, J.), dated April 2, 2004, which, inter alia, equitably distributed the parties' marital assets but failed to provide for payment of the cost of the lease attributable to a vehicle leased by the plaintiff, (2), as limited by her brief, from so much of an order of the same court entered March 10, 2004, as denied, as untimely, that branch of her motion pursuant to CPLR 4404 which was to modify a post-trial decision of the same court dated November 7, 2003, and (3), as limited by her brief, from stated portions of an order of the same court (Ross, J.), dated March 11, 2004, which, inter alia, denied the remaining branches of her motion pursuant to CPLR 4404 to modify the judgment of divorce and to set aside a stipulation entered into in open court during the course of the trial, and granted that branch of the motion of intervenor-respondent, Alexander Potruch, which was to stay the transfer of $21,652.50 of the parties' funds pending the determination of the fees owed to him.

Ordered that the judgment is modified, on the law, by adding thereto a provision directing the defendant to pay the plaintiff the sum of $10,400 as accrued maintenance for the plaintiff's

vehicle as provided for under a pendente lite order dated May 28, 1998; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order entered March 10, 2004 and the order dated March 11, 2004 are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

"Equitable distribution presents matters of fact to be resolved by the trial court, and its distribution of the parties' marital property should not be disturbed unless it can be shown that the court improvidently exercised its discretion in so doing (*Oster v Goldberg,* 226 AD2d 515). The Supreme Court providently exercised its discretion in distributing the marital property in this case" (*Sebag v Sebag,* 294 AD2d 560 [2002] [internal quotation marks and citations omitted]; *see Almeda v Hopper,* 2 AD3d 471 [2003]). Accordingly, the judgment of divorce properly distributed the parties' assets.

Where there is an inconsistency between a judgment and a decision the decision controls. Such an inconsistency may be corrected either by motion for resettlement or on appeal (*see Verdrager v Verdrager,* 230 AD2d 786, 787-788 [1996]).

In its decision, the Supreme Court held that the plaintiff was entitled to a lump sum payment for the amount she was owed due to the defendant's improper unilateral reduction of the payments required to be made to her for leasing a vehicle. Those payments were directed to be paid as part of her spousal maintenance as provided for in a pendente lite order dated May 28, 1998. However, the judgment failed to include a paragraph effectuating that determination.

Accordingly, the judgment must be modified by adding a provision thereto directing the defendant to pay the plaintiff the sum of $10,400. This is based upon the $200 per month difference between the $450 per month the defendant was originally contributing toward the lease payments and his improper unilateral reduction of that amount to the $250 per month which he had been paying since September 1999. Since the defendant's obligation to pay spousal maintenance ended December 31, 2003, the defendant was obligated to pay the difference of $200 per month for a total of 52 months.

Contrary to the plaintiff's contention, the Supreme Court did not err in failing to direct that the Mattituck property be immediately conveyed to her since the defendant is still liable as a mortgagor of the property. The Supreme Court also properly

denied, as untimely, that branch of the plaintiff's motion pursuant to CPLR 4404 which was to modify a post-trial decision dated November 7, 2003. The motion was made subsequent to the expiration of the extension period agreed to by the parties and "so-ordered" by the Supreme Court.

The Supreme Court properly granted that branch of the motion of the intervenor-respondent which was to stay the transfer of $21,652.50 of the parties' funds pending the determination of the parties' dispute as to the fees owed to him as one of the plaintiff's former attorneys.

There was no basis to set aside so much of the stipulation entered into by the parties in open court with counsel present, in which, inter alia, the plaintiff agreed that there would be no request for fees for two of her prior attorneys (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Lazich v Lazich,* 233 AD2d 424 [1996]; *Harragan v Harragan,* 204 AD2d 686, 687 [1994]; *Creque v Creque,* 210 AD2d 288 [1994]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.