Matter of Weichert v Village of Evans Mills (2020 NY Slip Op 05330)





Matter of Weichert v Village of Evans Mills


2020 NY Slip Op 05330


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


312 CA 19-01092

[*1]IN THE MATTER OF ROBERT M. WEICHERT, PETITIONER-RESPONDENT,
v
VILLAGE OF EVANS MILLS, ET AL., RESPONDENTS, AND COUNTY OF JEFFERSON, RESPONDENT-APPELLANT. 






DAVID J. PAULSEN, COUNTY ATTORNEY, WATERTOWN, FOR RESPONDENT- APPELLANT.
ROBERT M. WEICHERT, PETITIONER-RESPONDENT PRO SE. 


 Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered February 28, 2019. The judgment, among other things, directed respondent County of Jefferson to comply with a directive in a 2005 judgment of foreclosure. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the first ordering paragraph, vacating that part of the judgment converting the CPLR article 78 proceeding to a "Contempt of Court" proceeding, converting the converted declaratory judgment action to a joint declaratory judgment action and application for an enforcement of judgment pursuant to CPLR 5102, and granting respondent County of Jefferson 30 days from the date of entry of the order of this Court to serve and file an answer in this converted declaratory judgment action, and as modified the judgment is affirmed without costs.
Memorandum: Respondent County of Jefferson (County) previously commenced a tax foreclosure proceeding with respect to property belonging to petitioner and, in September 2005, obtained a judgment of foreclosure (2005 judgment of foreclosure) awarding it possession of the property and directing the County's tax enforcement officer to prepare, execute, and record a deed conveying title to the County. We affirmed that judgment on appeal (Matter of County of Jefferson [Weichert], 38 AD3d 1364 [4th Dept 2007], lv dismissed 9 NY3d 940 [2007]). The County's tax enforcement officer, however, did not prepare, execute, or record the deed as directed in the 2005 judgment of foreclosure.
In 2017, respondent Village of Evans Mills (Village) issued petitioner an appearance ticket alleging that structures on the property were unsafe; the Village also undertook certain repairs to those structures for which it billed petitioner. Petitioner, acting pro se, thereafter commenced a CPLR article 78 proceeding seeking, inter alia, a declaration that he is not the owner of the property. The County now appeals from a judgment that, in effect, denied its pre-answer motion to dismiss the amended petition pursuant to CPLR 3211 (a) (2), (5), and (7) and, inter alia, determined that it was "appropriate to convert this matter to a Declaratory Judgment or Contempt of Court petition" and ordered the County to comply with the directive in the 2005 judgment of foreclosure.
We agree with the County that petitioner's proper remedy for the enforcement of the 2005 judgment of foreclosure is an application pursuant to CPLR 5102 (see Clifton Country Rd. Assoc. v Vinciguerra, 225 AD2d 932, 933 [3d Dept 1996]; see generally CPLR 103 [c]) rather than enforcement of the judgment by contempt (see generally CPLR 5104). We therefore modify the judgment by vacating that part of the judgment converting the CPLR article 78 proceeding to a "Contempt of Court" proceeding and converting the converted declaratory judgment action to a joint declaratory judgment action and application for an enforcement of judgment pursuant to [*2]CPLR 5102.
The County does not challenge Supreme Court's conversion of the matter into an action seeking a declaration pursuant to CPLR 3001, but it contends that the court erred in granting relief to petitioner without affording the County an opportunity to file an answer. We agree (see Matter of Liederman v Mills, 238 AD2d 593, 594 [2d Dept 1997]; see also Jones v Town of Carroll, 32 AD3d 1216, 1218 [4th Dept 2006], appeal dismissed 12 NY3d 880 [2009]; see generally CPLR 103 [c]). We therefore further modify the judgment by vacating the first ordering paragraph and granting the County 30 days from the date of entry of the order of this Court to serve and file an answer with respect to the converted declaratory judgment action.
We have examined the County's remaining contentions and conclude that none warrants further relief.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court