■ JOHANNA BATTISTA, Respondent, v ROGER BATTISTA, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 21, 1983 in Broome County, upon a decision of the court at Trial Term (Kuhnen, J.), without a jury.

The parties were married in 1962 and separated after execution of a written separation agreement, dated September 16, 1981, prepared by defendant's attorney. In this action commenced eight months later, plaintiff seeks rescission of the agreement on the grounds that it treats her unfairly and is the product of defendant's overreaching and undue influence. The trial court, after a nonjury trial, granted judgment to plaintiff holding that the agreement did not equitably divide marital property, made inadequate provision for support, was grossly unfair, and that plaintiff lacked adequate information as to marital assets and her legal rights because she was without independent counsel.

The judgment should be affirmed. Because of the fiduciary relationship between husband and wife, separation agreements generally are more closely scrutinized by the courts than ordinary contracts, and the terms of a separation agreement as well as the surrounding circumstances may be examined for overreaching (*Levine v Levine*, 56 NY2d 42, 47). The general rule is that "[i]f the execution of the agreement * * * be fair, no further inquiry will be made" (*Christian v Christian*, 42 NY2d 63, 73).

To warrant equity's intervention, a plaintiff need not show actual fraud, but must establish that the settlement is manifestly unfair due to the defendant's overreaching (*Gorman v Gorman,* 87 AD2d 674, app dsmd 56 NY2d 804).

Examined in the light of these guidelines, the record contains evidence demonstrating that plaintiff suffered from mental depression for several years, requiring psychiatric care and medication, and that she was distraught from the marital difficulties. She had worked during the four years defendant attended college and thereafter assumed the responsibilities of a homemaker. She does not deny examining the agreement and a reading of the terms to her by the attorney prior to signing. Described in plaintiff's words, she essentially was given no options; the agreement was all set and she had no say in its formulation. The agreement provided that she receive $125 weekly for support of her son and herself plus $86 from quarterly dividends on jointly owned stock. After three years, the weekly support was to be reduced by any earnings from her employment. All jointly owned investment property was placed in escrow for five years with no income available to her. She effectively surrendered all rights in benefits from defendant's employment and to all property in defendant's name, notwithstanding the "marital property" status of these assets (Domestic Relations Law, § 236, part B). When evaluated with defendant's assets and his annual salary of $37,000, the provisions for support of plaintiff and her child ($125 weekly) appear manifestly unfair and unjust. In addition, defendant purchased a home for himself from the proceeds of the sale of the marital home while plaintiff and her son were relegated to renting a three-room apartment.

That plaintiff was unrepresented does not, by itself, invalidate the agreement (*Levine v Levine,* 56 NY2d 42, *supra*). However, the attorney testified that relevant facts and the legal ramifications of certain clauses in the agreement were not fully discussed with or disclosed to plaintiff (see *Christian v Christian,* 42 NY2d 63, 72, *supra*). Nor could he recall if he explained the Equitable Distribution Law to plaintiff and the benefits of her husband's employment, which she relinquished. For her part, plaintiff testified that she did not comprehend her right to equitable distribution of the marital property. Finally, the financial status of both parties was not disclosed to the attorney to enable any meaningful discussion. In sum, there was sufficient evidence to sustain the trial court's finding.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.