■ LORRAINE ARROW, Respondent, v MARK K. ARROW, Appellant.—Main, J. Appeal from a judgment of the Supreme Court (Kuhnen, J.), entered August 13, 1986 in Broome County, upon a decision of the court, without a jury, in favor of plaintiff.

In 1982, plaintiff and defendant entered into a separation agreement which provided for, *inter alia,* the distribution of the parties' assets. Thereafter, they were divorced. Only one attorney represented the parties with regard to the separation agreement. The agreement did not provide for the distribution of defendant's masonry business and gave the marital residence to defendant. Plaintiff did not receive maintenance under the agreement. The house and business were the only substantial assets possessed by the parties. In 1985, plaintiff brought this action to rescind the separation agreement and reopen the divorce action for equitable distribution of the marital assets, including the house and business. Supreme Court rescinded the separation agreement and ordered the divorce action reopened for equitable distribution. Defendant has appealed.

It is well settled that separation agreements must be arrived at fairly and equitably, in a manner free from the taint of fraud and duress *(Christian v Christian,* 42 NY2d 63, 72). Rescission of an agreement will be granted when the agreement is shown to be manifestly unfair to a spouse because of the other spouse's overreaching *(supra; see, Battista v Battista,* 105 AD2d 898, 899). The fact that one attorney represented both parties during the negotiation of the agreement, as was the case here, does not in and of itself indicate unfairness, although such an arrangement will be subjected to heightened scrutiny *(see, Levine v Levine,* 56 NY2d 42, 48). In this case, however, it is apparent that the settlement agreement is manifestly unfair to plaintiff. Plaintiff apparently never met with the attorney separately, outside defendant's presence, and the attorney did not even consider defendant's business a marital asset to which plaintiff would have a claim. Given this situation, together with the fact that the separation agreement effectively gave defendant the parties' only substantial assets and denied plaintiff maintenance, rescission of the separation agreement is appropriate. Further, although plaintiff waited three years before commencing this action for rescission, we cannot say that plaintiff should be barred by laches from maintaining this action, since she received virtually no benefits from the agreement and thus cannot be said to have ratified it *(cf., DeGuire v DeGuire,* 125 AD2d 360, 361). Accordingly, Supreme Court's rescission of the separation agreement should be affirmed.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.