■ VIOLET TERIO, Respondent, v VINCENT TERIO, Appellant. —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) a decision of the Supreme Court, Putnam County (Klein, J.H.O.), dated January 25, 1988, which, after a hearing, determined that the financial provisions of a separation agreement between the parties should be set aside, and (2) an order of the same court, dated February 13, 1988, which set aside the financial provisions of the parties' separation agreement.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff wife and the defendant husband were married on August 21, 1949. The plaintiff commenced an action for divorce against the defendant in June 1986. In September 1987 during the pendency of the divorce action, the parties entered into a separation agreement prepared by the defendant's attorney. The plaintiff seeks to set aside the financial provisions of the agreement on the grounds that they treat her unfairly and are the product of the defendant's overreaching and undue influence. The Supreme Court, Putnam County, after a hearing, set aside the financial provisions of the separation agreement, holding that the agreement did not equitably divide the marital property, or make adequate provisions for maintenance, and was unreasonable in light of the length of the marriage.

Separation agreements which are regular on their face are binding on the parties, unless and until they are set aside *(Christian v Christian,* 42 NY2d 63). Furthermore, where there has been full disclosure between the parties and there has been no inequitable conduct, courts should not intrude to redesign a bargain arrived at by the parties *(Christian v Christian, supra,* at 72). To warrant equity's intervention, a plaintiff need not show actual fraud, but must establish that the agreement is unfair owing to the defendant's overreaching

*(see, Christian v Christian, supra; Battista v Battista,* 105 AD2d 898).

Evidence in the record demonstrates that the plaintiff suffered from mental depression for several years, requiring professional counseling, and that she was distraught as a result of her marital difficulties. She does not deny examining the agreement, but claims that she ignored the advice of her counsel when she signed it. We find it significant that the parties were married for over 35 years. The plaintiff indicated that she had "always listened to her husband * * * he was always the boss". The plaintiff claimed that the defendant continuously pressured, badgered and verbally harassed her until she finally acquiesced in his demands that she sign the agreement. Further, the terms of the agreement give rise to an inference of overreaching, for they are manifestly unfair to the plaintiff and were unfair when the agreement was executed *(see, Stern v Stern,* 63 AD2d 700; *cf., Paruch v Paruch,* 140 AD2d 418). Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.