■ JEROME PODWAL, Appellant, v LYNN PODWAL, Respondent. [651 NYS2d 191] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Barone, J.), entered December 15, 1995, which, *inter alia*, granted the defendant wife's cross motion for pendente lite relief (1) awarding her temporary child support of $200 per week, (2) directing him to pay the mortgage, taxes, homeowner's insurance, and fuel on the marital residence, (3) directing him to pay any arrears in connection with the expenses of the marital residence, (4) directing him to keep in effect all life insurance policies naming the wife and son as beneficia-

ries and all car insurance, (5) directing him to pay their son's medical insurance and unreimbursed medical expenses, and (6) awarding the wife counsel fees of $3,500.

Ordered that the order is modified, as a matter of discretion, by reducing the child support from the sum of $200 per week to $140 per week; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It should be observed that the general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Bagner v Bagner*, 207 AD2d 367). However, pendente lite relief may be modified on appeal where the ordered support payments are " 'so prohibitive as to strip the payor spouse of income and assets necessary to meet his or her own expenses' " (*Fascaldi v Fascaldi*, 186 AD2d 532; *see also, Gold v Gold*, 212 AD2d 503).

Upon review of the plaintiff husband's income and the parties' expenses, as set forth in the record, and considering that the husband must pay most of the carrying charges on the marital residence, we find that the pendente lite award of the Supreme Court should be modified by reducing the child support award from $200 to $140 per week (*see, Bagner v Bagner, supra*, at 368).

The plaintiff husband's remaining contentions are without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.