▮ TARA L. SKOTNICKI, Respondent, v STEPHEN B. SKOTNICKI, Appellant. [654 NYS2d 904] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals from an order denying his application to vacate and modify a judgment of divorce granted October 17, 1994. The judgment incorporated a separation agreement executed by the parties on August 16, 1994. Defendant contends that Supreme Court erred in refusing to modify the judgment with respect to various provisions of the separation agreement on the grounds of plaintiff's overreaching and unconscionability. We disagree.

"Judicial review [of separation agreements] is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions" (*Christian v Christian*, 42 NY2d 63, 71-72). Nevertheless, separation agreements will be scrutinized "to see to it that they are arrived at fairly and equitably, in a manner so as to

be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity" (*Christian v Christian, supra,* at 72).

An unconscionable bargain has been regarded as one " ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' [citation omitted], the inequality being ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" ' " (*Christian v Christian, supra,* at 71; *see also, Hardenburgh v Hardenburgh,* 158 AD2d 585, 586, *lv dismissed* 76 NY2d 982). However, conclusory allegations that an agreement was unfair are insufficient (*see, Amestoy v Amestoy,* 151 AD2d 709, 710). "The fact that [one spouse] gave away more than he might legally have been compelled to give does not mean that the separation agreement was the product of overreaching" by the other spouse (*Groper v Groper,* 132 AD2d 492, 497-498). Although the agreement here is favorable to plaintiff, it is not unconscionably so. It is not the kind of bargain that only a deluded person would make. In fact, it appears to be just the type of agreement that a party might fashion in order to achieve a quick and amicable divorce.

Defendant's reliance on *Arrow v Arrow* (133 AD2d 960) and *Vandenburgh v Vandenburgh* (194 AD2d 957) is misplaced. Those cases stand for the proposition that, where a separation agreement is drafted with only one attorney representing both parties, such an agreement is subject to heightened scrutiny. Here, defendant did not seek legal counsel and permitted plaintiff's attorney to draft the agreement. Defendant was advised at least twice that plaintiff's attorney represented only plaintiff's interests. Although the fact that defendant was not represented by an attorney is a significant factor to be taken into consideration in determining whether the separation agreement was freely and fairly entered into, that fact, without more, does not establish overreaching, especially where defendant is well-educated, with experience in business (*cf., Juliani v Juliani,* 143 AD2d 72).

Furthermore, a party may not repudiate a separation agreement procured by duress where the party ratified the agreement by complying with its provisions and raising no objections for a lengthy period of time (*Chasin v Chasin,* 98 AD2d 788, 789). Although there are no hard and fast rules regarding what is considered "lengthy", in our view, 14 months is a sufficient length of time for defendant to have ratified the agreement.

Finally, because the parties have agreed that plaintiff does not need defendant's health insurance coverage any longer, we modify the order and underlying judgment, which incorporates the agreement, to reflect that understanding.

We have reviewed the remaining contentions raised by the parties and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Divorce.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.