■ STEVEN FRANK, Appellant, v META H. FRANK, Respondent. [686 NYS2d 309] —In an action for a divorce and ancillary

relief, the plaintiff husband appeals from an order of the Supreme Court, Orange County (Murphy, J.), dated March 3, 1998, which granted the defendant wife's motion to vacate the parties' separation agreement and for pendente lite relief.

Ordered that the order is affirmed, with costs.

A separation agreement in a divorce proceeding may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable, or there exists fraud, collusion, mistake, or accident (see, Matter of Dillon v Dillon, 257 AD2d 621; Harragan v Harragan, 204 AD2d 686). The courts will closely scrutinize a separation agreement (see, Levine v Levine, 56 NY2d 42, 47), and "may look at the terms of the agreement to see if there is an inference, or even a negative inference, of overreaching in its execution" (Christian v Christian, 42 NY2d 63, 73). In the instant case, the Supreme Court properly set aside the separation agreement as being manifestly unfair due to the husband's overreaching (see, Weinstock v Weinstock, 167 AD2d 394; Terio v Terio, 150 AD2d 675; Battista v Battista, 105 AD2d 898).

It is equally well settled that pendente lite awards of maintenance and child support should rarely be modified by an appellate court, and even then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or when justice otherwise so requires (see, Albanese v Albanese, 234 AD2d 489; Zeitlin v Zeitlin, 209 AD2d 613; Bagner v Bagner, 207 AD2d 367). The proper remedy for any perceived inequity in a pendente lite award is a speedy trial (see, Podwal v Podwal, 234 AD2d 530; Gianni v Gianni, 172 AD2d 487). The pendente lite award made by the Supreme Court was not an improvident exercise of discretion and should not be disturbed on appeal (see, Stravitz v Stravitz, 255 AD2d 503). S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.