■ RAYMOND P. TCHORZEWSKI, Respondent, v MARY C. TCHORZEWSKI, Appellant. [717 NYS2d 436] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married in 1973 and have two emancipated

children. On November 25, 1998, plaintiff signed a separation agreement that was prepared by his attorney. Defendant, who was not represented by counsel, signed the agreement on November 27, 1998. In July 1999 plaintiff was granted a default divorce. Supreme Court erred in failing to rescind the separation agreement in which defendant agreed to waive any claim to plaintiff's pension in exchange for $15,000, the furniture in the marital residence and her own 401K account, and agreed to maintenance of $100 per week for a period of two years. Defendant contended that the agreement is unconscionable because she was not represented by counsel when she signed the agreement and was not aware that the marital portion of plaintiff's pension then had a value in excess of $200,000.

At the hearing on this issue, defendant testified that she was never informed of the value of plaintiff's pension before she signed the agreement. Plaintiff's attorney testified that she had not valued plaintiff's pension when she drafted the separation agreement.

"[S]eparation agreements will be scrutinized 'to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity'" (*Skotnicki v Skotnicki,* 237 AD2d 974, 974-975, quoting *Christian v Christian,* 42 NY2d 63, 72). A separation agreement "may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable, or there exists fraud, collusion, mistake, or accident" (*Frank v Frank,* 260 AD2d 344). The fact that defendant was not represented by counsel "does not, by itself, invalidate the agreement" (*Battista v Battista,* 105 AD2d 898, 899), but it is a "significant factor to be taken into consideration in determining whether the separation agreement was freely and fairly entered into" (*Skotnicki v Skotnicki, supra,* at 975).

The separation agreement provides that each party has made "independent inquiry into the complete financial circumstances of the other, and acknowledges that he or she is fully informed of the income, assets and financial prospects of the other * * * and is satisfied that full disclosure has been made." Notwithstanding that provision, the testimony of plaintiff's attorney, who drafted the agreement, establishes that plaintiff's pension was never valued at that time. The parties did not own real property and the pension is the largest marital asset. In exchange for her waiver of any share in the pension, defendant received $15,000 from plaintiff's 401K account, the furniture in

the marital residence, valued at $10,000, and her own 401K account, valued at $16,000. Plaintiff received the remainder of his 401K account, valued at $28,000, as well as the pension, and was held responsible for $6,000 in marital debt. The great disparity in the distribution of the marital assets, the fact that no disclosure was made concerning the value of the pension and the fact that defendant was not represented by counsel when she signed the agreement provide sufficient indicia of plaintiff's overreaching to require recission of the agreement (*see, Frank v Frank, supra; Battista v Battista, supra*, at 899). We modify the judgment, therefore, by vacating the second and third decretal paragraphs, and we remit the matter to Supreme Court to determine the issues of equitable distribution and maintenance. (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.