■ SUZANNE C. GIBSON, Appellant, v HAROLD M. GIBSON, Respondent. [726 NYS2d 195] —Order unanimously reversed on the law without costs, Property Settlement & Separation Agreement set aside and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff contends that the parties' Property Settlement & Separation Agreement (Agreement), entered into after the parties were married for almost 19 years, is unfair and unconscionable and that Supreme Court therefore erred in refusing to set it aside. We agree.

During the course of their marriage, plaintiff and defendant jointly managed their own business, purchased and substantially improved a home, and acquired additional assets, including a boat, several motor vehicles, a plane and a $30,000 certificate of deposit. While some of those assets were acquired with funds from defendant's personal injury settlement and may have been subject to some separate property claims, the bulk

of the assets were marital. The total value of their joint assets was approximately $350,000, excluding the value of their business. In addition, the parties had joint liabilities of approximately $115,000, excluding a purchase agreement for gasoline that was signed in connection with their business. Pursuant to the Agreement, plaintiff received no marital assets or maintenance. She was, however, relieved of any child support obligation for the parties' 17-year-old son and any joint liabilities of the parties. Plaintiff was not represented by counsel when she signed the Agreement but acknowledged during her deposition and at the hearing herein that she knew of the parties' assets and liabilities, having handled the parties' finances for the business.

"The fact that [plaintiff] gave away more than [s]he might legally have been compelled to give does not mean that the separation agreement was the product of overreaching by [defendant]" (*Groper v Groper*, 132 AD2d 492, 497-498). We conclude, however, that the Agreement must be set aside. "Agreements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith," and thus courts have "set aside or refuse[d] to enforce those born of and subsisting in inequity" (*Christian v Christian*, 42 NY2d 63, 72; *see, Tchorzewski v Tchorzewski*, 278 AD2d 869). "The fact that [plaintiff] was not represented by counsel 'does not, by itself, invalidate the agreement' * * * but it is a 'significant factor to be taken into consideration in determining whether the separation agreement was freely and fairly entered into' " (*Tchorzewski v Tchorzewski, supra*, at 870). Here, plaintiff received no share of the business that was the sole source of income for both parties and received no share of the parties' net assets of approximately $235,000. While defendant assumed liabilities, they provided him with future benefits, such as business contracts that generated revenue over and above their cost. Pursuant to the Agreement, plaintiff is left with no resources and no source of income or other means of support. We therefore conclude that the Agreement must be set aside because it is "manifestly unfair" (*Frank v Frank,* 260 AD2d 344, 345). We remit the matter to Supreme Court to determine the issues of equitable distribution, maintenance and child support. (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Matrimonial.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.