# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**886**

**CA 13-00250**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

FELICIA DAWES, PLAINTIFF-RESPONDENT,

                       V                                 MEMORANDUM AND ORDER

THOMAS E. DAWES, JR., DEFENDANT-APPELLANT.

---

HOGAN & WILLIG, PLLC, AMHERST (KEVIN S. MAHONEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

COTTER & COTTER, P.C., WILLIAMSVILLE (DAVID B. COTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered October 29, 2012. The order vacated the Separation and Property Settlement Agreement entered into by the parties.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The parties entered into a separation agreement (hereafter, agreement) on September 18, 2007 and, on December 19, 2011, plaintiff wife moved by order to show cause to rescind it. Following a hearing, Supreme Court vacated the agreement on the grounds that plaintiff signed it under duress and it was the product of defendant husband's overreaching. We affirm.

" 'Judicial review [of separation agreements] is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions' " (*Skotnicki v Skotnicki*, 237 AD2d 974, 974, quoting *Christian v Christian*, 42 NY2d 63, 71-72). "[S]eparation agreements will be scrutinized 'to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity' " (*Tchorzewski v Tchorzewksi*, 278 AD2d 869, 870; *see Skotnicki*, 237 AD2d at 974-975; *see also Christian*, 42 NY2d at 72). "A separation agreement 'may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable' " (*Tchorzewski*, 278 AD2d at 870).

We agree with defendant that plaintiff did not sign the agreement under duress. Plaintiff's allegations that defendant threatened to

evict her from the marital residence if she did not sign the agreement and that he threw the agreement at her are not substantiated by proof sufficient to justify setting it aside (*see Christian*, 42 NY2d at 71-73; *see also Weimer v Weimer*, 281 AD2d 989, 989).  Further, even accepting plaintiff's allegation that defendant persistently urged her to sign the agreement, such conduct does not constitute duress, particularly inasmuch as plaintiff signed the agreement after defendant revised it in accordance with her suggested changes.

We conclude, however, that the court properly determined that the agreement was " 'one such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other' " (*Colello v Colello*, 9 AD3d 855, 859, quoting *Christian*, 42 NY2d at 71; *see Skotnicki*, 237 AD2d at 975).  As defendant correctly concedes, the agreement gives him almost all of the marital property, including his pension and retirement assets, and we note that the value of the pension and retirement assets is not apparent from the record because defendant failed to include a copy of his net worth statement.  The agreement further provides that plaintiff may not seek maintenance and, most troubling under the circumstances of this case, that plaintiff waived her right to seek child support.

Contrary to defendant's contention, we conclude that plaintiff did not ratify the agreement by complying with its provisions and failing to object to it for more than four years (*see Pippis v Pippis*, 69 AD3d 824, 825; *Arrow v Arrow*, 133 AD2d 960, 961).  During those four years, plaintiff did not receive any of the limited benefits accorded to her under the agreement.  The fact that defendant allowed plaintiff to live in the marital residence during that time was no benefit to plaintiff inasmuch as the marital residence constituted marital property and she had an equal right to live there.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court