Appeal from a judgment of the Supreme Court, Monroe County (James J. Piampiano, J.), entered July 18, 2016 in a divorce action. The judgment, insofar as appealed from, incorporated the parties’ written separation agreement of October 30, 2013 and modification agreement of July 7, 2014 and ordered the parties to comply with those agreements.
 

 It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, the second and third decretal paragraphs are vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: The parties were married in 1978 and entered into a separation agreement on October 30, 2013 and a modification agreement on July 7, 2014. In October 2015, plaintiff husband commenced this action seeking a divorce and to have the agreements set aside. Plaintiff also filed a motion seeking that same relief. In appeal No. 2, plaintiff appeals from an order denying his motion and, in appeal No. 1, he appeals from a judgment of divorce signed on the same date that incorporated the agreements. We note at the outset that appeal No. 2 must be dismissed inasmuch as the order in that appeal is subsumed in the final judgment of divorce (see Rooney v Rooney [appeal No. 3], 92 AD3d 1294, 1295 [4th Dept 2012], lv denied 19 NY3d 810 [2012]; see also Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]).
 

 We agree with plaintiff that the agreements are unfair and unconscionable and should be set aside. Separation agreements are subject to closer judicial scrutiny than other contracts because of the fiduciary relationship between spouses (see Christian v Christian, 42 NY2d 63, 72 [1977]; Gibson v Gibson, 284 AD2d 908, 909 [4th Dept 2001]). A separation agreement should be set aside as unconscionable where it is “such as no person in his or her senses and not under delusion would make on the one hand, and as no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense” (Christian, 42 NY2d at 71 [internal quotation marks, brackets and citation omitted]; see Dawes v Dawes, 110 AD3d 1450, 1451 [4th Dept 2013]; Skotnicki v Skotnicki, 237 AD2d 974, 975 [4th Dept 1997]). We note that the unconscionability or inequality of a separation agreement may be the result of overreaching by one party to the detriment of another (see Tchorzewski v Tchorzewski, 278 AD2d 869, 870 [4th Dept 2000]).
 

 Here, at the time the parties entered into the agreements, defendant wife was represented by counsel but plaintiff was not, which, while not dispositive, is a significant factor for us to consider (see Gibson, 284 AD2d at 909; Tchorzewski, 278 AD2d at 870; Skotnicki, 237 AD2d at 975). Another factor to consider is that the agreements did not make a full disclosure of the finances of the parties (see Tchorzewski, 278 AD2d at 870-871). In particular, defendant, who had a master’s degree in business administration and was a professor at a SUNY college, would receive two pensions upon retirement, neither of which was valued. The separation agreement did not provide for any maintenance for plaintiff despite the gross disparity in incomes and the length of the marriage and, while the modification agreement provided maintenance for plaintiff, it also required plaintiff to transfer his interest in the marital residence to defendant. In opposition to the motion, defendant averred that the parties “wanted an agreement whereby [plaintiff] would keep his income and retirement assets and I would keep mine.” As shown by their statements of net worth, which were prepared after the agreements were executed, plaintiff’s assets totaled approximately $77,000 whereas defendant’s assets, which included the marital residence, totaled approximately $740,000. Based on our consideration of all the factors, we conclude that the agreements here are unconscionable and were the product of overreaching by defendant and thus should be set aside (see Dawes, 110 AD3d at 1451; Gibson, 284 AD2d at 909; Tchorzewski, 278 AD2d at 871). We therefore reverse the judgment in appeal No. 1 insofar as appealed from, grant the motion, vacate the second and third decretal paragraphs, and we remit the matter to Supreme Court to determine the issues of equitable distribution and maintenance.
 

 Present— Smith, J.P., Centra, Carni, Curran and Troutman, JJ.