Shah v Mitra (2019 NY Slip Op 02739)





Shah v Mitra


2019 NY Slip Op 02739


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-01507
 (Index No. 201557/16)

[*1]Shefali Shah, appellant-respondent, 
v
Neal Mitra, respondent-appellant.


Schlissel Ostrow Karabatos, PLLC, Garden City, NY (Elena Karabatos, Jeanine M. Rooney, and Lisa R. Schoenfeld of counsel), for appellant-respondent.
Anthony A. Capetola, Williston Park, NY (Robert P. Johnson and Linda Kule of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered February 2, 2017. The order, insofar as appealed from, (1) denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's fourth counterclaim, and pursuant to CPLR 3211(b) to dismiss the defendant's fourth affirmative defense, and (2) granted that branch of the defendant's cross motion which was, in effect, for summary judgment on his fourth counterclaim to the extent of setting aside Articles V, VII, VIII, IX, X, and XI of the parties' postnuptial agreement on the ground that those articles were unconscionable. The order, insofar as cross-appealed from, (1) granted those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's first, second, and, in effect, sixth counterclaims, and pursuant to CPLR 3211(b) to dismiss the defendant's second, third, and fifth affirmative defenses, and (2) denied those branches of the defendant's cross motion which were, in effect, for summary judgment on his first, second, and sixth counterclaims.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was, in effect, for summary judgment on his fourth counterclaim to the extent of setting aside Articles V, VII, VIII, IX, X, and XI of the parties' postnuptial agreement on the ground that those articles were unconscionable, and substituting therefor a provision denying that branch of the defendant's cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married in 2001, and have two children. On December 21, 2015, the parties entered into a postnuptial agreement (hereinafter the agreement), with an effective date of January 1, 2016. The agreement provided that it would be considered a marital settlement agreement in the event the parties divorce.
In June 2016, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff sought a judgment of divorce which incorporated, but did not merge, the terms of the agreement.
In an amended answer, the defendant asserted six affirmative defenses. As relevant here, the second and third affirmative defenses alleged that the agreement should be set aside on the ground that the defendant was fraudulently induced into entering into it. The fourth affirmative defense alleged that the agreement should be set aside on the ground that it is unconscionable. The fifth affirmative defense alleged that the agreement should be set aside on the grounds that it was executed under "coercion and duress."
In the amended answer, the defendant also asserted seven counterclaims. As relevant here, the first counterclaim sought a declaration that the agreement was null and void due to fraudulent inducement. The second counterclaim sought a declaration that the agreement was null and void due to coercion. The fourth counterclaim sought a declaration that the agreement was null and void due to overreaching and unconscionability. The sixth counterclaim sought a declaration that the agreement was null and void on the ground of duress.
The plaintiff moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first, second, fourth, and sixth counterclaims, and pursuant to CPLR 3211(b) to dismiss the second, third, fourth, and fifth affirmative defenses. The defendant cross-moved, inter alia, in effect, for summary judgment on the second, third, fourth, and sixth counterclaims.
In the order appealed from, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's first, second, and, in effect, sixth counterclaims, and pursuant to CPLR 3211(b) to dismiss the defendant's second, third, and fifth affirmative defenses. The court denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's fourth counterclaim, and pursuant to CPLR 3211)(b) to dismiss the defendant's fourth affirmative defense.
With respect to the defendant's cross motion, the Supreme Court, among other things, granted that branch of the defendant's cross motion which was, in effect, for summary judgment on the defendant's fourth counterclaim to the extent of setting aside Articles V, VII, VIII, IX, X, and XI of the parties' agreement on the ground that those articles were unconscionable. The court denied those branches of the defendant's cross motion which were, in effect, for summary judgment on his first, second, and sixth counterclaims.
The plaintiff appeals, and the defendant cross-appeals, from the order. We modify.
"On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Wand, Powers & Goody, LLP v Yuliano, 144 AD3d 1017, 1018; see McKesson Medical-Surgical Minn. Supply, Inc. v Caremed Supplies, Inc., 164 AD3d 1441, 1442; see also Leon v Martinez, 84 NY2d 83, 87-88). "At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Blank, 19 NY3d 46, 52 [internal quotation marks omitted]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142). "Dismissal of the [counterclaim] is warranted if the [counterclaimant] fails to assert facts in support of an element of the [counterclaim], or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142; see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134).
On a motion to dismiss a counterclaim based upon documentary evidence pursuant to CPLR 3211(a)(1), dismissal is warranted "only where the documentary evidence that forms the basis of the defense utterly refutes the . . . factual allegations [underlying the counterclaim], and conclusively disposes of the [counterclaim] as a matter of law" (Nero v Fiore, 165 AD3d 823, 826; see Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663, 664; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Nero v Fiore, 165 AD3d at 826; Flushing Sav. Bank, FSB v Siunykalimi, [*2]94 AD3d 807, 808). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]). "Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence" (25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851; see Nero v Fiore, 165 AD3d at 826; First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756, 758; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997).
CPLR 3211(b) provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." When moving to dismiss, the plaintiff bears the burden of demonstrating that the affirmative defenses "are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense" (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Rios, 160 AD3d 912, 913; Bank of N.Y. v Penalver, 125 AD3d 796, 797). "On a motion pursuant to CPLR 3211(b), the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a)(7), and the factual assertions of the defense will be accepted as true" (Wells Fargo Bank, N.A. v Rios, 160 AD3d at 913; see Bank of N.Y. v Penalver, 125 AD3d at 797; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 748-749). "Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed" (Wells Fargo Bank, N.A. v Rios, 160 AD3d at 913; see Fireman's Fund Ins. Co. v Farrell, 57 AD3d 721, 723).
Here, the plaintiff's documentary evidence failed to establish, as a matter of law, that the defendant ratified the agreement (see generally Dawes v Dawes, 110 AD3d 1450, 1452; Pippis v Pippis, 69 AD3d 824, 825; Skotnicki v Skotnicki, 237 AD2d 974, 975; Arrow v Arrow, 133 AD2d 960, 961). Accordingly, the defendant's purported ratification of the agreement does not provide a basis for dismissing his affirmative defenses or counterclaims.
In general, New York has a "strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements" (Matter of Greiff, 92 NY2d 341, 344; see Bloomfield v Bloomfield, 97 NY2d 188, 193). Thus, "there is a heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties" (Brassey v Brassey, 154 AD2d 293, 295; see Cioffi-Petrakis v Petrakis, 103 AD3d 766, 767). However, an agreement between spouses may nevertheless be invalidated "if the party challenging the agreement demonstrates that it was the product of fraud, duress, or other inequitable conduct" (Cioffi-Petrakis v Petrakis, 103 AD3d at 767; see Christian v Christian, 42 NY2d 63, 73; Petracca v Petracca, 101 AD3d 695, 697-698).
The defendant's first counterclaim, and his second and third affirmative defenses, alleged that the plaintiff fraudulently induced him to enter into the agreement. Generally, to state a counterclaim or affirmative defense sounding in fraud, a defendant must allege that (1) the plaintiff made a representation or a material omission of fact which was false and the plaintiff knew to be false, (2) the misrepresentation was made for the purpose of inducing the defendant to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury (see McDonnell v Bradley, 109 AD3d 592, 592-593; Selechnik v Law Off. of Howard R. Birnbach, 82 AD3d 1077, 1078).
Here, the defendant alleged in his answer that the plaintiff promised that if the defendant entered into the agreement, the plaintiff would "fully commit to working on the parties['] marital issues and that there will be no divorce." The defendant alleged that the plaintiff further represented that the agreement would "prevent [a] divorce." The defendant further alleged that at the time that the plaintiff made the foregoing representations, she knew such representations were false.
We agree with the Supreme Court that the factual allegations underlying the defendant's claims of fraudulent inducement are flatly contradicted by the terms of the agreement. [*3]Contrary to the defendant's allegations, the unambiguous terms of the agreement explicitly preserved both parties' "right to obtain a judgment of divorce from the other" and further provided that, in the event that either party sought to exercise their right to a divorce, the agreement would be incorporated but not merged into a judgment of divorce. The agreement also contained a clause which provided that its terms "may not be changed orally but only by a written agreement signed by both parties." Inasmuch as the defendant's answer does not contain any other allegedly false misrepresentations attributable to the plaintiff, we agree with the court's determination to grant those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's first counterclaim and pursuant to CPLR 3211(b) to dismiss the defendant's second and third affirmative defenses (see generally Mahmood v County of Suffolk, 166 AD3d 751, 753; McMahan v McMahan, 131 AD3d 593, 594). Furthermore, under such circumstances, we also agree with the court's determination to deny that branch of the defendant's motion which was, in effect, for summary judgment on his first counterclaim.
The defendant's second counterclaim alleged that the agreement should be set aside on the ground of coercion. The defendant's sixth counterclaim alleged that the agreement should be set aside on the ground of duress. Similarly, the defendant's fifth affirmative defense alleged that the agreement was executed under "coercion and duress."
"A contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his free will" (Austin Instrument v Loral Corp., 29 NY2d 124, 130). Generally, "the aggrieved party must demonstrate that threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" (Polito v Polito, 121 AD2d at 615; see Dubi v Skiros Corp., 66 AD3d 954, 954; Feuer v Darkanot, 36 AD3d 753, 753-754). "[T]he threat must be such as to deprive the party of the exercise of free will" (Polito v Polito, 121 AD2d at 615; see Stewart M. Muller Constr. Co. v New York Tel. Co., 40 NY2d 955, 956; Cavalli v Cavalli, 226 AD2d 666, 667). Similarly, a contract may be set aside on the grounds of coercion "whenever a party is so situated as to exercise a controlling influence over the will, conduct and interest of another" (Adams v Irving Natl. Bank of N.Y., 116 NY 606, 613; see Rabinovich v Shevchenko, 93 AD3d 774, 775). "Generalized contentions that a party felt pressured . . . are insufficient" (Cavalli v Cavalli, 226 AD2d at 667; see Desantis v Ariens Co., 17 AD3d 311, 311).
In this case, the defendant's fifth affirmative defense, which asserted duress and coercion, contained no factual allegations. The defendant's second counterclaim, which alleged coercion, stated that in the three months leading up to the execution of the agreement, the plaintiff told the defendant that "if he did not sign the [agreement] . . . the marriage . . . would be over." The defendant's sixth counterclaim, which alleged duress, similarly stated that the plaintiff "exerted pressure" on the defendant "by representing to [him] that unless he executed the [agreement], their marriage would terminate."
Accepting the facts alleged in support of the defendant's answer as true, and according the defendant the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), his pleadings are not supported by sufficient allegations from which it could reasonably be found that the agreement is unenforceable on the grounds of duress or coercion. "As a matter of law, [the] exercise or threatened exercise of a legal right [does] not amount to duress" C & H Engrs. v Klargester, Inc., 262 AD2d 984, 984; see Colello v Colello, 9 AD3d 855, 858). Accordingly, "the threat of a divorce action by plaintiff, which was her lawful right to commence, does not constitute duress" (Garner v Garner, 46 AD3d 1239, 1240; see O'Hanlon v O'Hanlon, 114 AD3d 915, 916; accord Hof v Hof, 131 AD3d 579, 580; Weinstein v Weinstein, 36 AD3d 797, 799; cf. Lombardi v Lombardi, 127 AD3d 1038, 1041). Nor are the defendant's allegations sufficient to allege coercion (cf. Adams v Irving Natl. Bank of N.Y., 116 NY at 613; Rabinovich v Shevchenko, 93 AD3d at 775). Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's second and sixth counterclaims, and pursuant to CPLR 3211(b) to dismiss the defendant's fifth affirmative defense. Furthermore, under such circumstances, we also agree with the court's determination to deny that branch of the defendant's motion which was, in effect, for summary judgment on his second and [*4]sixth counterclaims.
The defendant's fourth counterclaim alleged that the agreement should be set aside on the ground that it is unconscionable. The defendant's fourth affirmative defense similarly alleged that the terms of the agreement were unconscionable.
An unconscionable agreement is "one such as no person in his or her senses and not under delusion would make on the one hand, and as no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Christian v Christian, 42 NY2d at 71 [internal quotation marks and brackets omitted]; see Matter of Hennel, 29 NY3d 487, 495; Gillman v Chase Manhattan Bank, 73 NY2d 1, 10-12). Because of the fiduciary relationship between spouses, postnuptial agreements "are closely scrutinized by the courts, and such agreements are more readily set aside in equity under circumstances that would be insufficient to nullify an ordinary contract" (Levine v Levine, 56 NY2d 42, 47; see Kabir v Kabir, 85 AD3d 1127, 1127). "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the [agreement] is manifestly unfair to a spouse because of the other's overreaching" (Christian v Christian, 42 NY2d at 72; see Infante v Infante, 76 AD3d 1048, 1049; O'Malley v O'Malley, 41 AD3d 449, 451; Frank v Frank, 260 AD2d 344, 345; see also Levine v Levine, 56 NY2d at 47). "Although courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching, the general rule is that [if] the execution of the agreement . . . be fair, no further inquiry will be made'" (Levine v Levine, 56 NY2d at 47, quoting Christian v Christian, 42 NY2d at 73).
Here, at this stage of the action, the defendant's pleadings, as amplified by his submissions in opposition to the plaintiff's motion and in support of his cross motion (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591), are sufficient to allege both procedural and substantive unconscionability (see generally Gillman v Chase Manhattan Bank, 73 NY2d at 10-11). The defendant alleged, among other things, that although the agreement was prepared by a mediator, the mediator was not independent and that the financial terms contained therein were based on the plaintiff's wishes. The defendant alleged that the process was rushed, that his interaction with the mediator consisted of a single, hour-long session, and that he was compelled to sign the agreement before consulting with his attorney. In addition, the defendant alleged that the terms of the agreement required him "to waive his right and interest in virtually all marital property, including most retirement assets, the [p]laintiff's lucrative medical practice, the marital residence, other real property accumulated during the marriage and reasonable spousal maintenance and child support." The defendant alleged that although there existed a "tremendous disparity in the parties' respective incomes," he was required to match the plaintiff's contributions towards the children's operating account.
Contrary to the plaintiff's contention, the defendant's fourth counterclaim and fourth affirmative defense, as amplified, were sufficient to state a cause of action alleging unconscionability. Furthermore, although the plaintiff disputes many of the defendant's factual allegations, including the defendant's description of the process that led to the execution of the agreement, the effect of the substantive terms of the agreement, and the defendant's valuation of the parties' marital assets and income, the documentary evidence submitted in support of her motion failed to "utterly refute[ ] [the defendant's] factual allegations" as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). Accordingly, we agree with the Supreme Court's determination to deny those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendant's fourth counterclaim and pursuant to CPLR 3211(b) to dismiss the defendant's fourth affirmative defense.
Finally, contrary to the defendant's contention, he failed to establish, prima facie, his entitlement to judgment as a matter of law on his fourth counterclaim (see Alvarez v Prospect Hosp., 68 NY2d 320). The defendant's evidentiary submissions in support of his cross motion failed to demonstrate, prima facie, that the agreement is one "such as no person in his or her senses and not under delusion would make on the one hand, and as no honest and fair person would accept on the [*5]other" (Christian v Christian, 42 NY2d at 71 [internal quotation marks and brackets omitted]). Since the defendant failed to sustain his prima facie burden, that branch of his motion which was, in effect, for summary judgment on the fourth counterclaim should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court