Sleiman v Sleiman (2023 NY Slip Op 06609)

Sleiman v Sleiman

2023 NY Slip Op 06609

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

759 CA 22-00130

[*1]CHAD SLEIMAN, PLAINTIFF-APPELLANT,
v
AMAL SLEIMAN, DEFENDANT-RESPONDENT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DIPASQUALE & CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR DEFENDANT-RESPONDENT.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered December 30, 2021, in a divorce action. The order, inter alia, denied the motion of plaintiff for summary judgment and granted the cross-motion of defendant to set aside a property settlement and separation agreement. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion to the extent that it seeks to invalidate the entire property settlement and separation agreement, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action for divorce and alleged that, pursuant to Domestic Relations Law § 170 (6), the parties had been living separately pursuant to a property settlement and separation agreement (separation agreement) filed almost two years earlier. Plaintiff moved for summary judgment, seeking, inter alia, enforcement of the separation agreement and defendant cross-moved for an order that would find certain provisions of the separation agreement to be unconscionable and the product of fraud, duress, coercion and plaintiff's lack of financial disclosure, and would set aside the entire separation agreement on that basis. Supreme Court, inter alia, denied plaintiff's motion and granted defendant's cross-motion to set aside the separation agreement on the ground that the entire agreement was unconscionable. In its written decision, the court determined that there were questions of fact on issues of fraud, duress, coercion, overreaching, and plaintiff's lack of financial disclosure, but that no hearing with respect to those issues was necessary in light of its determination that the entire separation agreement was unconscionable. Plaintiff appeals.
"Separation agreements are subject to closer judicial scrutiny than other contracts because of the fiduciary relationship between spouses" (Tuzzolino v Tuzzolino, 156 AD3d 1402, 1403 [4th Dept 2017]; see Christian v Christian, 42 NY2d 63, 72 [1977]). A separation agreement should be set aside as unconscionable where it is "such as no [person] in [their] senses and not under delusion would make on the one hand, and as no honest and fair person would accept on the other
. . . , the inequality being so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" (Christian, 42 NY2d at 71 [internal quotation marks omitted]; see Dawes v Dawes, 110 AD3d 1450, 1451 [4th Dept 2013]; Skotnicki v Skotnicki, 237 AD2d 974, 975 [4th Dept 1997]). "[T]he unconscionability or inequality of a separation agreement may be the result of overreaching by one party to the detriment of another" (Tuzzolino, 156 AD3d at 1403; see Tchorzewski v Tchorzewski, 278 AD2d 869, 870 [4th Dept 2000]).
Here, at the time the parties entered into the separation agreement, plaintiff, the monied spouse, was represented by counsel but defendant was not. While that factor alone is not [*2]dispositive, "it is a significant factor for us to consider" (Tuzzolino, 156 AD3d at 1403; see Tchorzewski, 278 AD2d at 870; Skotnicki, 237 AD2d at 975). Another factor to consider is that neither the separation agreement nor pretrial discovery included full disclosure of plaintiff's finances (see Tchorzewski, 278 AD2d at 870-871). The value of plaintiff's business was not evaluated in the separation agreement or during pretrial discovery, yet the agreement required that defendant relinquish her equitable share in almost all of the marital property, including any interest in plaintiff's business. The separation agreement did not provide defendant with any child support for the parties' two minor children, did not provide maintenance for defendant, and recited that, if defendant was to become engaged or remarry, plaintiff would automatically obtain full custody of the parties' children. Considering those terms as examples of the tenor of the separation agreement, we conclude that the court did not err in finding that certain terms of the agreement are unconscionable and are the product of overreaching by plaintiff (see Tuzzolino, 156 AD3d at 1403; Dawes, 110 AD3d at 1451; Tchorzewski, 278 AD2d at 871).
Nonetheless, we agree with plaintiff that, because the separation agreement contains a severability clause, not every part of the separation agreement is necessarily unenforceable, and the court therefore erred in granting that part of the cross-motion seeking to set aside the entire separation agreement without first holding a hearing on the issue of severability. "[W]hether the provisions of a contract are severable depends largely upon the intent of the parties as reflected in the language they employ and the particular circumstantial milieu in which the agreement came into being" (Matter of Wilson, 50 NY2d 59, 65 [1980]; see Christian, 42 NY2d at 73). Therefore, we modify the order by denying the cross-motion to the extent that it sought to invalidate the entire separation agreement, and we remit the matter to Supreme Court for a hearing with respect to the applicability of the severability clause, as well as the triable issues of fact whether fraud, duress, coercion, overreaching, and plaintiff's lack of financial disclosure render the entire separation agreement unenforceable.
We have considered plaintiff's remaining contentions and conclude that they are without merit.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court