Elliott v Elliott (2025 NY Slip Op 00767)

Elliott v Elliott

2025 NY Slip Op 00767

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

898 CA 23-01747

[*1]LORI A. ELLIOTT, PLAINTIFF-APPELLANT,
v
ROBERT A. ELLIOTT, DEFENDANT-RESPONDENT. 

LAW OFFICE OF FRANK BERETTA, VICTOR (FRANK J. BERETTA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
FERN S. ADELSTEIN, OLEAN, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered May 19, 2023. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to rescind a separation agreement that was incorporated but not merged in the parties' judgment of divorce, plaintiff appeals from an order, entered after a fact-finding hearing, that granted defendant's motion for summary judgment dismissing the complaint. We affirm.
Plaintiff contends that Supreme Court erred in granting the motion inasmuch as the separation agreement must be rescinded because defendant violated Domestic Relations Law § 236 (B) (4) by failing to engage in financial disclosure prior to entering into the agreement. We reject that contention. Domestic Relations Law § 236 (B) (4) compels financial disclosure in matrimonial actions only when "alimony, maintenance or support is in issue." Here, plaintiff did not place those matters in issue in the divorce action; indeed, she executed a separation agreement that expressly stated that she was self-supporting and waived any claim to spousal maintenance or support.
Plaintiff further contends that the court erred in granting the motion inasmuch as she was unrepresented and was not provided with a copy of the maintenance guidelines as required by Domestic Relations Law § 236 (B) (6) (g) and, therefore, was unaware of what she was giving up when she signed the separation agreement. With respect to post-divorce maintenance awards, Domestic Relations Law § 236 (B) (6) (g) provides that, "[w]here either or both parties are unrepresented, the court shall not enter a maintenance order or judgment unless the court informs the unrepresented party or parties of the post-divorce maintenance guideline obligation." Plaintiff's claim is belied by the record. Plaintiff's complaint in the divorce action states that plaintiff was "not seeking maintenance as payee as described in the Notice of Guideline Maintenance" (emphasis added). Further, the court's findings of fact in the divorce action state that the court informed the parties of the maintenance guideline obligation pursuant to section 236 (B) (6), and a copy of the Notice of Guideline Maintenance was included in the clerk's file (see generally Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2d Dept 2010]).
Plaintiff contends that the court erred in granting the motion inasmuch as the separation agreement was manifestly unfair. We reject that contention. "Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blank, 19 NY3d 46, 52 [2012]; see Christian v Christian, 42 NY2d 63, 71-72 [1977]). "Although courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been [*2]overreaching, the general rule is that '[i]f the execution of the agreement . . . be fair, no further inquiry will be made' " (Levine v Levine, 56 NY2d 42, 47 [1982], quoting Christian, 42 NY2d at 73). Nevertheless, "[a] separation agreement may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable, or there exists fraud, collusion, mistake, or accident" (Tchorzewski v Tchorzewski, 278 AD2d 869, 870 [4th Dept 2000] [internal quotation marks omitted]).
Here, defendant met his initial burden on the motion by demonstrating that the separation agreement was "not unfair on its face" (Logiudice v Logiudice, 67 AD3d 544, 545 [1st Dept 2009]; see Christian, 42 NY2d at 71; see generally McFarland v McFarland, 70 NY2d 916, 918 [1987]), and plaintiff failed to raise a triable issue of fact in opposition (see generally Sleiman v Sleiman, 222 AD3d 1333, 1335 [4th Dept 2023]). Plaintiff contends that she lacked the education and experience necessary to evaluate the terms of the separation agreement. The only evidence in the record of plaintiff's education or experience is her testimony that she was taking college classes but did not finish her course of study. That evidence was insufficient to overcome the presumption that she "read and understood the document which [s]he signed" (Marine Midland Bank v Idar Gem Distribs., 133 AD2d 525, 526 [4th Dept 1987]; see ABR Wholesalers, Inc. v King, 172 AD3d 1929, 1931 [4th Dept 2019]). Plaintiff's contention that she did not have an opportunity to review the separation agreement prior to signing is belied by the record. Indeed, the separation agreement contains a handwritten amendment, which plaintiff testified was added to the separation agreement, at her request, after it had been drafted.
Plaintiff further contends that the separation agreement must be set aside because she was not in possession of all material facts at the time it was entered into. However, mere nondisclosure of financial circumstances is not sufficient to justify setting aside an agreement unless there is a showing that the nondisclosure resulted in an inequitable or unfair division of the marital property (see Arquiette v Arquiette, 177 AD2d 956, 956 [4th Dept 1991]; see also Dayton v Dayton, 175 AD2d 427, 428 [3d Dept 1991], lv denied 78 NY2d 863 [1991]; Martin v Martin, 74 AD2d 419, 423-424 [4th Dept 1980]). Therefore, it is necessary to "examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching" (Levine, 56 NY2d at 47). Here, even assuming, arguendo, that plaintiff raised an issue of fact whether she "was possessed of all material facts" at the time she signed the separation agreement, we conclude that summary judgment was appropriate inasmuch as nondisclosure is but one factor to consider in determining whether the separation agreement was unfair or inequitable (see e.g. Christian, 42 NY2d at 72-73; Tuzzolino v Tuzzolino, 156 AD3d 1402, 1403 [4th Dept 2017]; Tchorzewski, 278 AD2d at 870-871; Battista v Battista, 105 AD2d 898, 899 [3d Dept 1984]). To the extent that plaintiff more specifically contends that there was nondisclosure regarding the value of defendant's retirement account, we likewise conclude that the alleged nondisclosure did not render the separation agreement inequitable (see Arquiette v Arquiette, 198 AD2d 858, 858 [4th Dept 1993]). Although plaintiff may have given more than legally required, the separation agreement, considered in its totality, does not shock the conscience (see Campbell v Campbell, 208 AD3d 1050, 1052 [4th Dept 2022]; Lounsbury v Lounsbury, 300 AD2d 812, 814 [3d Dept 2002]; see generally Levine, 56 NY2d at 47).
To the extent that plaintiff contends that the separation agreement is unconscionable because she has relinquished her possessory rights in the marital residence, we likewise conclude that the terms of the agreement regarding the marital real estate are not such that would shock the conscience and confound the judgment of any person of common sense (see Christian, 42 NY2d at 71; cf. Amoia v Amoia, 222 AD3d 1386, 1388 [4th Dept 2023]). Although the agreement made defendant the "primary resident" of the marital home, it did not give him exclusive possession of the property or even of the marital home itself. Thus, there is no merit to plaintiff's contention that she gave up possessory rights to the residence. Nor is there merit to plaintiff's claim that the marital home could be sold only at defendant's discretion. The separation agreement did not purport to limit the parties' ability to sell the property and, regardless of the type of co-ownership the parties now share, each is capable of bringing a partition action against the other in the event that one wants to sell their portion of the property (see RPAPL 901; Herrington v Herrington, 81 AD2d 679, 679 [3d Dept 1981], affd 56 NY2d 580 [1982]; Bastians v Bastians, 36 AD2d 1020, 1020 [4th Dept 1971]). Further, the parties agreed that plaintiff would be permitted to access the property on notice to defendant and that defendant would not permit anyone who was not a relative to live in the home without plaintiff's permission. Plaintiff also retained possession and use of the barn on the marital property.
We have considered the remainder of plaintiff's contentions and find them to be unpreserved or without merit.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court